**HARMON et v JUSTICE**

Ohio Appeals, 4th Dist, Lawrence Co

Decided June 28, 1932

Andrews, Edwards & Andrews and Corn, Jenkins, Hopkins & Collier, Ironton, for plaintiffs in error.

A. R. Johnson, Ironton, for defendant in error.

MIDDLETON, J.

Prior to answering the amended petition the two Harmons severally and separately filed demurrers to the amended pleading on the ground that there was both a misjoinder of parties and causes of action in said pleading. The demurrers were overruled. At the close of the plaintiff's evidence in the trial a motion was made to require the plaintiff to elect as against which defendant he would proceed. This motion was also overruled. The motion was renewed at the close of all of the evidence and again it was overruled. It is manifest that if the trial court erred in thus holding that the defendants were jointly liable for the negligence complained of in the amended petition the judgment herein must be reversed.

The liability of the father, A. L. Harmon, both under the pleadings and the evidence rests upon the doctrine announced by the Supreme Court in the case of **Elliott v Harding, 107 Oh St 501**, and may be found in the third paragraph of the syllabus of that case which reads as follows:

"In such case the liability of the owner would not rest upon ownership or agency, but upon the combined negligence of the owner and driver; negligence of the father in intrusting the machine to an incompetent driver, and negligence of the son in its operation."

It is manifest, we think, that the Supreme Court in its pronouncement of this rule fixed the father's liability on the combined and not the joint negligence of both parties. It is fair to assume that the court in using the term combined negligence rather than the term joint negligence had in mind some definite reason for so doing.

It may be said generally that what may or may not be joint negligence must rest upon the particular facts in each case subject, however, to certain fixed and settled rules. While the courts may use different phraseology in stating such rules there is no difference in their relation and application to the facts involved in any particular case. One court may say that to make joint negligence there must be a oneness of action by the parties for a certain purpose. Another court may express precisely the same rule by emphasizing the necessity of unity of action and purpose. We are content in the instant case to take for our guidance the very recent expression of the Su-

preme Court on this particular matter which may be found in the case of **Agricultural Society et v Brenner, 122 Oh St 560.** In the third paragraph of the syllabus of that case the rule is stated as follows:

"Joint liability for tort only lies where wrongdoers have acted in concert in the execution of a common purpose and where want of care of each is of the same character as the want of care of the other."

It would be very difficult to make a more concise and at the same time a more comprehensive and clearer statement of the things necessary to be considered in determining whether there is a joint tort in any particular case. When we undertake to apply the requirements of the rule to the facts in the instant case we find, first, that the wrongdoers did not act in concert; second, that they did not have any common purpose, and third, the want of care of each was not of the same character as the want of care of the other. The best proof of the foregoing fact is that an action could have been successfully prosecuted against the son without any reference whatever to the ownership of the car or the father's connection with that ownership. This is so for the reason that ownership of the car had no operative force whatever in determining the negligence of the son. It is also apparent that each party acted for himself and by himself in respect to the tort with which both are charged in the pleading, and there was no relation between the parties or their actions as would bar the father from holding the son personally liable to him for any loss or damage the father might have sustained in a separate action for the wrongful acts of the son in operating the father's car. If there was a joint liability, as contended here, there could be no relief for the father.

We conclude that the overruling of the separate demurrers to the amended petition and the overruling of the motions which were made during the progress of the trial was erroneous and prejudicial to the rights of the defendants below, and for this reason alone the judgment should be reversed.

There is another complaint made, however, in this proceeding which in our judgment shows an error equally prejudicial to the one we have disposed of. It appeared from the testimony of Irvin Harmon on cross examination that the lights of his machine were dimmed at the time of the accident and would only be visible for a distance of twenty five feet in the direction in which the car was moving. It should be noted that he undertook to explain his purpose in plac-

ing the lights in that condition by claiming a car approaching or standing ahead of him with the lights on full, which to some extent at least tended to blind him to objects before him. This testimony may have been competent as tending to reflect on the conditions surrounding the plaintiff at the time of his injury and as reflecting on any claim of contributory negligence on his part. Assuredly this evidence was not competent to show negligence on the part of Irvin Harmon in the absence of any claim in the amended petition of such negligence on that ground. Notwithstanding the total absence of any claim of that kind the court charged the jury as follows:

"Section 6310-1 GC provides that a motor vehicle of the kind defendant was driving on the day of the alleged accident, driven upon the public highways of the state during a period from one half hour after sunset to one half hour before sunrise, shall display while running at least two lighted lamps on the forward part of said vehicle, which lights shall in clear weather be visible at least two hundred feet in the direction in which the motor vehicle is proceeding.

It was the duty of Irvin Harmon to have these lights on his said car the night this alleged injury occurred, and if you find by a preponderance of the evidence that the lights upon said car were not visible in the direction he was going for two hundred feet ahead then and in that event the same would be a violation of the law in Ohio."

Just to what extent this instruction was prejudicial to the defendants is made manifest by the answer of the jury to one of the special interrogatories submitted at the request of the defendants, which interrogatory and the answer thereto are as follows:

"If you find the defendant, Irvin Harmon, guilty of any negligence state in what act or acts or omission to act such negligence consisted?

Answer: Lack of care, dimmed lights, excessive speed and on left of the road."

It is seldom that a record affords such conclusive proof of prejudice coming from an improper and erroneous charge to the jury as appears in the foregoing answer to the interrogatory. The error in the general charge in the particular referred to also requires a reversal of the judgment.

There is another error appearing in the record which if standing alone would not require any particular notice but it is an error which should not be repeated because it might under other circumstances be fatal to the judgment creditor. It seems from the

record that the defendants requested the giving of certain special instructions before argument. Counsel for the plaintiff in referring to these instructions denominated them as "lawyers law" and again as "baby charges," and in the first instance when such reference was made the lawyer admonished the jury to wait until they hear the general charge of the court which would be the law to govern them in the case. Prompt objection was made to this statement but it appears that the court did not take any action whatever in respect to any withdrawal of the statements from the consideration of the jury or that there was any comment thereon by the court. The remarks of counsel should have been withdrawn from the jury.

We find nothing further in the record which would warrant any interference with the judgment but for the errors above specified the judgment must be reversed and the case remanded to the lower court for further proceedings according to law.

MAUCK, PJ, and BLOSSER, J, concur.