## EARHART v HILL et

Common Pleas Court, Athens Co

Decided November 21, 1934

Jones, Jones & Erskine, Athens, for plaintiff.

Wood & Williams, Athens, for defendants.

### OPINION

By ROWLAND, J.

This cause is now before the court on consideration of the demurrer filed by defendant, Carrie Hill, to the petition of plaintiff. It is the contention of this defendant that there is a misjoinder of parties defendant. Briefly the defendant, Carrie Hill, is charged with negligence in the operation of a motor vehicle which negligence is alleged to be the sole and proximate cause of an injury resulting to plaintiff.

The petition, however, after charging negligence as to the defendant, Carrie Hill sets forth allegations laying the basis for recovery in damages for said injury as against the defendant Alfred O. Hill on two separate and distinct premises or grounds. First, on the theory of respondeat superior in this that the said Carrie Hill while operating said automobile was in and about the carrying forward of the business of her husband, Alfred O. Hill; and second, that the said Carrie Hill was a reckless and unskillful operator of automobiles but notwithstanding this fact, the defendant, Alfred O. Hill well knowing that she was reckless and unskilled in the operation of automobiles permitted her to operate said automobile upon the public streets of the city of Athens. In other words, the second ground is founded or based upon the principle set forth in the case of **Elliott v Harding, 107 Oh St 501**, wherein it is laid down as a principle of law relative to the use of automobiles that;

"While an automobile is not a dangerous instrument per se, it may become such if operated by one who is unskilled in the use; and where the owner entrusts such a machine to an inexperienced or incompetent person, liability for damages may arise."

The court's attention has been directed by the defendant to the case of **Stark County Agricultural Society et v Brenner, an infant, 122 Oh St, p. 560.** The opinion in this case was written by Chief Justice Marshall. It is evident that much consideration was given by the writer of this opinion concerning the principles laid down in the syllabi of this case. Since this case was decided, other courts in passing upon like or similar questions have referred and adopted it as a concise and plain statement of the law governing the questions involved. The third syllabus of this case lays down the rule as to what constitutes joint tort feasors, as follows:

"Joint liability for tort only lies where wrongdoers have acted in concert in the execution of a common purpose and where the want of care of each is of

632

the same character as the want of care of the other."

I am sure that the members of this bar are familiar with the principle of law that where one defendant is charged on the theory of respondeat superior alone and the agent or employee is charged with a negligence resulting in injury that █ there is not a joint liability and that if under the pleadings the master and servant are asked to respond in damages in the same petition, that a demurrer thereto is well taken on the ground of misjoinder of parties. The court will not give further note to this phase of the case.

· We now come to the next query and that is whether there is a joint liability set up in a petition wherein it is charged that the owner of an automobile placed it in the custody of another which other person was then known by the owner ·to be an unskilled and reckless operator thereof and an injury results by reason of the negligence of the operator of such automobile.

The court has given considerable time to this phase of the question for the reason that it is the first time it has been presented to me as a trial court and I have no knowledge of it ever having been presented to this court. There have been a number of cases heard and determined by this court wherein this question could have been raised but was not presented. There are a number of cases now pending in this court wherein the rights of the parties would be affected by the decision of the court in this case. The principle laid down by ·Chief Justice Marshall in the 122 Oh St p. 560, convinces the mind of this court that said demurrer is well taken. I have found a number of cases similar in principle that further assisted the court in reaching this conclusion but the court's mind has reached a definite conclusion by reason of the principles laid down in the case of **Harmon et· v Justice, 12 Abs 474.** This case arose in Law-

rence County and was decided by our own Court of Appeals. The case definitely raises the questions now presented to this court. The opinion was written by Judge Middleton. In coming to a conclusion, the principle laid down in the third syllabus of **122 Oh St 560,** was held as the governing principle in the determination of that case. In reaching a conclusion the court had this to say:

"It would be very difficult to make a more concise and at the same time a more comprehensive and clearer statement of the things necessary to be considered in determining whether there is a joint tort in any particular case. When we undertake to apply the requirements of the rule to the facts in the instant case we find, first, that the wrongdoers did not act in concert; second, that they did not have any common purpose, and third, the want of care of each was not of the same character as the want of care of the other. The best proof of the foregoing fact is that an action could have been successfully prosecuted against the son without any reference whatever to the ownership of the car or the father's connection with that ownership. This is so for the reason that ownership of the car had no operative force whatever in determining the negligence of the son. It is also apparent that each party acted for himself in respect to the tort with which both are charged in the pleadings, and there was no relation between the parties. or their actions as would bar the father from holding the son personally liable to him for any loss or damage the father might have sustained in a separate action for the wrongful acts of the son in operating the father's car. If there was a joint liability, as contended here, there could be no relief for the father.

We conclude that the overruling of the separate demurrers to the amended petition and the overruling of the motions which were made during the progress of the trial was erroneous and prejudicial to the rights of the defend-

ants below, and for this reason alone the judgment should be reversed."

In conclusion it therefore is the judgment of this court that from the principles laid down in 122 Oh St 560, and the case of Harmon v Justice, 12 Abs 474, the demurrer to the petition in this case should be and is sustained on the ground that there is a misjoinder of parties as claimed by the defendant, Carrie Hill.