SOLOMON WOLFF *vs.* MARY V. O'BRIEN & others.

Suffolk.    November 14, 1918. — January 2, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Devise and Legacy.    Power.    Landlord and Tenant.*

A testator devised and bequeathed all his property to his wife "for her natural life, with power to sell or mortgage said property if she considers it necessary," leaving the remainder to his children upon her death. The widow made a lease of certain real estate that had belonged to her husband, and died while three years of the term of the lease were unexpired. In a suit in equity by the tenant under the lease against the children of the testator to enjoin them from interfering with his quiet enjoyment of the property, it was *held* that the power of the widow to sell the property included the power to lease it, and that accordingly the lease was good against the defendants, and the tenant was entitled to an injunction.

BILL IN EQUITY, filed in the Superior Court on January 3, 1918, by the lessee of a house and lot on the Revere Beach Boulevard in Revere under a lease in writing from Catherine O'Brien, the widow of Daniel O'Brien, for a term extending to December, 1920, against the children of Daniel and Catherine O'Brien, to enjoin them from interfering with the plaintiff's quiet enjoyment of the leased property, Catherine O'Brien, the plaintiff's lessor, having died on December 22, 1917.

In the Superior Court the case was heard by *Fox*, J., who made a memorandum of decision as follows:

"The defendants are not estopped from asserting their rights as remaindermen. The single question is, whether the lease which the plaintiff holds from Catherine O'Brien, the life tenant, now deceased, is binding upon the remaindermen by reason of the power given to Catherine under the will of her husband.

"That will gives to Catherine 'all my property of every kind and description, whether real or personal or mixed, and wherever situated, for her natural life, with power to sell or mortgage said property if she considers it necessary. After the death of my said wife, to my children who survive her in equal division share and share alike.'

"The lease was executed in December, 1910, and gave the right of renewal to the lessee. A second lease was executed under the option, and the present lease expires in December of 1920. Catherine, the life tenant, died in December, 1917.

"The property is situated on the Revere Beach Boulevard, and when the lease was executed was in a run-down and untenantable condition. At that time Catherine was unwilling to spend upon the property the money which was needed to put it in tenantable condition, and no tenant could be expected to make the necessary expenditure unless secured by a lease for a term of years. About $5,000 has been expended by the plaintiff and his subtenants in repairs and improvements since the execution of the lease.

"The act of Catherine in executing the lease was prudent and reasonable. Having regard to her circumstances and to the condition of the property, if these matters are material, I am of opinion that Catherine had the power to sell the entire fee of the

estate, and I see no ground for holding that she lacked the power to sell a lesser interest by executing the lease in question.

"Injunction to issue as prayed for, with costs."

By order of the judge a final decree was entered granting the injunction prayed for; and the defendants appealed.

*J. J. O'Brien & J. M. Sullivan,* for the defendants, submitted a brief.

*M. M. Horblit,* (*M. H. Horblit* with him,) for the plaintiff.

CARROLL, J. Daniel O'Brien died in September, 1898. He gave by will to his wife, Catherine, all of his property "for her natural life, with power to sell or mortgage said property if she considers it necessary." After her death it was devised to their children, who are the defendants in this suit.

Catherine leased the property to the plaintiff, the lease expiring in December, 1920. She died in 1917. The defendants have in writing notified the plaintiff to quit the premises; and he brings this bill praying for an injunction restraining the defendants from taking possession of the premises and interfering with his possession. In the Superior Court a decree was entered for the plaintiff.

In *Kent* v. *Morrison,* 153 Mass. 137, the will gave the testator's wife his entire estate with full power "to sell and convey the same by deed (part or all of it), and the proceeds thereof are to be used for her comfort, and otherwise as she may think proper." It was held that the widow took an estate for life, with authority to sell and convey for any purpose and to use the proceeds as she might think proper; that the power to sell and convey includes the power to mortgage; that she could sell the whole or any part of the property; and that "Such a power is as ample as that of an owner. . . . It is an absolute and unrestricted power to sell for the benefit, and in the discretion, of the devisee of the power." The case at bar is governed by *Kent* v. *Morrison, supra.* See *Hedges* v. *Riker,* 5 Johns. Ch. 163.

The decree of the Superior Court is affirmed with costs.

*So ordered.*