No. 146
BONNER v. KUNZELMAN, et al.
Ohio Appeals, 4th Dist., Ross Co.
Decided Dec. 30, 1924.
473. WIDOW—Widow holding life estate
473. ESTATES—Widow holding life estate three years.
PER CURIAM

Epitomized Opinion
Published only in Ohio Law Abstract

Action in partition between the devisees of Kunzelman, Schreiber filed a cross petition alleging a leasehold which Agatha Kunzelman had renewed Jan. 27, 1922 for a period of three years. Agatha Kunzelman, the lessor, had only a life estate under the will of her husband which provided that she had "full power to sell as she thinks best, mortgage to pay my debts if necessary, and do with as she pleases as long as she remains my widow."

Upon the authority of Wolff v. O'Brien (Mass.) 121 N. E. 368, the court held that the widow had full power and authority to make the lease in question.

Attorneys—Capple & Schaeffer for Bonner; Walter W. Boulger for Schreiber; all of Chillicothe.

No. 147
HINE v. EIKLER
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2256.   Decided Dec. 10, 1923.
1053. ROADS AND HIGHWAYS—No official procedure for opening of newly constructed —Open for travel when passable.
829. NEGLIGENCE—Not imputed to injured person because of alleged trespassing.

For statement OS of pending case, see 2 Abs. 247. Affirmed by supreme court by overruling motion to certify. 2 Abs. 307.
HAMILTON, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Rose Eikler secured a judgment on a verdict in the Hamilton Common Pleas against Edward Hine, for personal injuries alleged to have occured to her because of a collision between a buggy in which she was sitting and a trailer, attached to a motor truck owned by Hine.

The record discloses that Hine, was a road contractor and was doing work on the road over which Mrs. Eikler and her husband drove with their buggy. The husband had descended from the buggy to enter into a game of amusement with employees of Hine; leaving Mrs. Eikler in the buggy alone, which stood close to the curb on the right hind side. The truck owned by Hines and to which a trailer was attached was alleged to have been driven at a high and negligent rate of speed causing said trailer to swing from side to side; and as the truck sped by the buggy said trailer smashed into it injuring Eikler as complained.

Hine contends that Eikler is guilty of contributory negligence, because an Ohio statute provides that "a violation of a measure to protect the public is negligence per se". He claims that this statute here applies because he had set up a barricade for the purpose of keeping the public away from any danger that might exist in the construction of said road; Eikler was a trespasser and therefore should not recover.

The Court of Appeals held:

1. The most that could be claimed against Eikler was that by being there illegally she indirectly contributed to her injury.

2. Even though Eikler was a trespasser it would not defeat a recovery. She was in no place of inherent danger; she was stationary and on the right hand side of the road. Mrs. Eikler was not cautioned by employes as to her presence being unlawful; if she was a trespasser it was purely technical.

Attorneys—Kelly & Remke for Hine; Chester S. Durr for Eikler, all of Cincinnati.