Marshall, C. J.
 

 The first claim of error is that the trial court erred in sustaining the demurrer
 
 *119
 
 to the original petition. This proposition can be easily disposed of. When that demurrer was sustained the plaintiff did not elect not to further plead and did not permit final judgment to be entered on that demurrer and prosecute error therefrom, but on the other hand elected to file an amended petition. Whether or not the original petition was obnoxious to a demurrer is not open to inquiry at this time. The amended petition superseded the original petition and all further pleadings and proceedings in the case were addressed to the amended petition.
 

 The amended petition was not tested by demurrer, and for the purposes of this case it may be conceded that, if the contract had been reformed in the Court of Appeals on appeal, as it was in the trial court upon the original trial of that issue, the verdict and judgment in the trial court would be sustained throughout. The plaintiff pleaded facts which if proven entitled him to a reformation. The court proceeded to determine that question on the chancery side of the court in advance of- a determination of the second cause of action, which involved a case at law.
 

 No jury was demanded upon the trial of the first cause of action and upon determination in plaintiff’s favor and a rendition of a judgment of reformation the railroad company was entitled to appeal from that judgment, and upon an appeal being perfected no motion was made in the Court of Appeals to dismiss the appeal and the Court of Appeals thereupon heard the case as an appeal case and decided that issue in favor of tho railroad company. Upon error being prosecuted from
 
 *120
 
 that branch of the case to the Supreme Court, the overruling of the motion to certify left the judgment in chancery a finality. It is common and familiar practice to combine an action for reformation with an action for damages upon a contract as reformed, just as the plaintiff proceeded in this case. On the other hand, it would have been permissible to bring an action for reformation and have such action fully determined before proceeding to recover damages upon the contract as reformed. If the plaintiff had proceeded in a separate suit for reformation it would hardly be questioned that an appeal might have been taken, and that though a judgment for reformation were entered in the court of common pleas a contrary judgment could be rendered on appeal in the Court of Appeals. By perfecting an appeal the judgment of the court of common pleas is utterly vacated. The railroad company could not be deprived of ■its right to a trial
 
 de novo
 
 of the equitable issue by the mere expedient of combining both causes of action in a single petition.
 

 After the Court of Appeals had rendered a contrary judgment on the subject of reformation, it only remained to determine whether there could be a recovery upon the contract without reformation, and the 'Court of Appeals proceeded to hear the error case to determine that question. An examination of the original contract of release discloses that $8,000 was paid by the railroad company to Bingham, and that in consideration of that payment Bingham released the company from all claims and demands. The contract contained no promise of a position or railroad passes, and by
 
 *121
 
 the denial of the reformation it becomes conclusive, so far as this case is concerned, that no such promise was made. Manifestly Bingham could not retain the $8,000 and ignore his promise to release the company from further claims for damages. By denying the reformation the record was stripped of all evidence relating to the alleged promise to provide employment and railroad passes. The contract thereby became binding between the parties according to its terms, uninfluenced and unvaried by parol testimony. The Court of Appeals apparently ignored all testimony relating to the alleged promise to provide employment and passes, and when such evidence was eliminated from the record nothing remained to sustain the verdict, and judgment. The Court of Appeals judgment must therefore be affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.