S. S. KRESGE Co., APPELLANT, *v.* THE B. D. K. Co. ET AL., APPELLEES.

102

(Decided November 21, 1935.)

*Mr. William B. Moore, Mr. Harry L. Deibel* and *Messrs. Galvin & Babin,* for appellant.

*Messrs. Kuth & Ehrke,* for The B. D. K. Company; *Messrs. Metzger, McCorkhill & Metzger,* for Juliet E. Moff, and *Mr. K. L. Cobourn,* for Josephine R. Moff and Josephine R. Moff, executrix, and Mr. Harry M. Vogel, guardian of Raymond H. Moff.

NICHOLS, J. This cause comes into this court both upon error and appeal by S. S. Kresge Company. Motion is made on behalf of The B. D. K. Company to dismiss the appeal, it being claimed for this motion that the action below was not a chancery proceeding.

"Where a defeated litigant is doubtful of his right of appeal, he may prosecute appeal and error concurrently to the Court of Appeals.

"Where both appeal and error have been prosecuted to the Court of Appeals, a perfected appeal suspends the judgment of the trial court; and if a motion to dismiss is filed by the appellee it becomes the first duty of the appellate court to determine whether the case is appealable; if the case is one in chancery, the appellate court errs in hearing and determining the error case and in dismissing the appeal, when such motion remains undecided. * * *

"While the motion to dismiss the appeal is pending and remains undecided, the appellant cannot be compelled to elect whether he will try his case on error or appeal." *Union Trust Co.* v. *Lessovitz,* 122 Ohio St., 406, 171 N. E., 849.

This court must, therefore, first decide the motion to dismiss the appeal. The proceeding was originally instituted under the Declaratory Judgments Act. The question is whether a proceeding so brought is a chancery proceeding; if a chancery proceeding, motion to dismiss the appeal must be overruled, otherwise sus-

tained, as the jurisdiction of the Court of Appeals in the trial of cases on appeal is expressly limited by the Constitution to chancery cases. *Wagner* v. *Armstrong,* 93 Ohio St., 443, 113 N. E., 397.

The action was instituted in the Common Pleas Court under the provisions of Section 12102-1, *et seq.,* General Code. It is claimed by The B. D. K. Company et al., designated appellees herein, that the Declaratory Judgments Act authorizes a special statutory proceeding, and, therefore, is not appealable to this court. We are of opinion that the question of the appealability of a case does not depend solely upon whether the right and remedy are created by statute, but upon the broader proposition as to whether the basic principles of the proceedings authorized by the statute are equitable in character and based upon some equitable doctrine formerly cognizable in courts of chancery. Where rights are created by a statute which prescribes the particular method by which they are to be enforced, and both the right and the remedy are unknown to equitable jurisprudence, the case is not appealable to this court, since the jurisdiction of this court is limited by the Constitution to chancery cases. The plaintiffs are persons interested in the matters defined by the provisions of Sections 12102-2 and 12102-4, General Code, and are authorized to bring the proceeding. Looking to the pleadings, it is apparent that the issues submitted in the Common Pleas Court are:

1. Reformation of the lease made under authority of the will of Henry Moff, deceased, which will had theretofore been admitted to probate in the Probate Court of Columbiana county wherein administration with the will annexed of the estate of Henry Moff, deceased, was granted;

2. Specific performance of a written contract to make a lease;

3. Construction of the will of Henry Moff, deceased;

4. Declaration of rights of the parties under the lease as executed and as reformed.

An action for specific performance is equitable in its character and belonged to the exclusive jurisdiction of courts of chancery before the adoption of the civil code and this character was not changed by its adoption. *Hull* v. *Bell Bros. & Co.,* 54 Ohio St., 228, 43 N. E., 584; *Pierce, Assignee,* v. *Stewart,* 61 Ohio St., 422, 56 N. E., 201.

It may be stated generally that a petition for the reformation of an instrument is equitable in character. The remedy prescribed by the Declaratory Judgments Act is not exclusive. The civil action for reformation of written contracts is recognized as one of the distinctive fields of equity jurisdiction and presents a chancery case.

Both before and since the constitutional amendment of 1912 the appealable character of a case has been held determinable from the pleadings and the issues made thereby. *Hummer* v. *Parsons,* 111 Ohio St., 595, 146 N. E., 62; *Grapes* v. *Barbour,* 58 Ohio St., 669, 49 N. E., 306.

It is true that the petition in this case seeks a construction of the will of Henry Moff, deceased, but this relief is incidental only to the real issue made by the pleadings, which is the reformation of the lease executed by the widow, devisees and executors under the will of Henry Moff, deceased. So, we need not determine whether in all cases an action for the construction of a will is a chancery proceeding, but it may be noticed that in the absence of statutory authority courts of equitable jurisdiction render declaratory judgments in certain circumstances, one of which is to construe trusts and wills. 3 Freeman on Judgments (5th Ed.), 2781, Section 1353.

That an action for reformation of a contract is a chancery proceeding is held by the Supreme Court in

the case of *Bingham* v. *Nypano Rd. Co.*, 112 Ohio St., 115, 147 N. E., 1.

While the petition likewise prays that the contract of lease in question be declared a valid and binding lease between the parties, the determination of this issue depends upon the other issues made by the pleadings, and we think a fair construction thereof clearly shows that the issues made by the pleadings, as well as the ultimate relief sought, are equitable in principle and formerly cognizable in courts of chancery. We conclude that the action in the Common Pleas Court was in chancery, and is, therefore, appealable. We do not determine that every action brought under the Declaratory Judgment Act is appealable.

The motion to dismiss the appeal in this case is overruled.

*Motion overruled.*

ROBERTS and CARTER, JJ., concur.

(Decided November 23, 1935.)

NICHOLS, J. Henry Moff, late of Columbiana county, Ohio, died in December, 1915, seized in fee simple of a parcel of land known as the Commercial Block in Salem, Ohio. His will, which was duly admitted to probate and record in the Probate Court of Columbiana county, Ohio, contained the following items:

"First: My will is that all my just debts and funeral expenses be paid out of my estate as soon after my decease as shall be found convenient.

"Second: I give, devise and bequeath to my beloved wife Kate Moff, all the rest, residue and remainder of my estate, the same to be hers during her life time provided she remains my widow, at the date of her death or re-marriage, then it is my will that at her death all that remain of my estate shall go and pass to my children Walter A. Moff and Ralph W. Moff

share and share alike, and if either die leaving children, said child or children to take the share their parent would have taken if living. In case my wife, Kate Moff should re-marry then I will and bequeath her the undivided one-third part of my estate left at that time and the balance to go and absolutely belong to my two sons aforesaid, to-wit: Walter A. Moff and Ralph W. Moff share and share alike, and if either die leaving child or children said child or children to have the share their parent would have been entitled to if living.

"Third: When my executors have settled my estate so far as my debts are concerned from this time on my wife can have the right, so long as she remains my widow, to sell and dispose of my real or personal property she using the proceeds to live upon and to assist my children same as I could if living.

"Fourth: I name my wife, Kate Moff and my son Walter A. Moff to be my executors, and I request the Probate Court to direct the omission of bond for the trust here reposed in them and should it be necessary to pay debts or to pay legacies or to carry out the provisions of my will I authorize my Executors to sell any of my real estate for such price and upon such terms as they deem prudent and proper deeds to make, execute and deliver to purchasers thereof on payment of consideration money. And I authorize said sale of real estate or of my personal property to be made either at Public or Private Sale without any order of Court and I request that no appraisement be made if this can be legally done."

Henry Moff left surviving him his widow, Kate Moff, and two sons, Walter A. Moff and Ralph W. Moff. The executors named in the will were duly appointed and qualified in the Probate Court of Columbiana county and proceeded to administer the estate, and on or about the 19th day of January, 1923, such executors filed what was termed their fourth and final

account, obtained an entry in the Probate Court of Columbiana county, Ohio, showing the estate settled in so far as the payment of the debts of the testator were concerned and the executors were excused by the court from filing further accounts during the life of the widow, Kate Moff.

On the 9th day of September, 1928, Ralph W. Moff, one of the sons of said Henry Moff, died testate, leaving his widow, Juliet E. Moff, as his sole legatee and devisee under his will, which was duly admitted to probate, and Juliet E. Moff was subsequently duly appointed and qualified as the executrix under his will.

On or about the 16th day of October, 1929, Kate Moff and Walter A. Moff, as executors of the estate of Henry Moff, deceased, together with Juliet E. Moff, executrix of the estate of Ralph W. Moff, deceased, and Kate Moff, Walter A. Moff and Juliet E. Moff, individually, made a written proposal to Zinn and Robbins, agents for S. S. Kresge Company, to lease the property designated as · #11-13-13½, Broadway, Salem, Ohio, being the same property upon which the Commercial Block is located, for the period of fifty years, beginning March 1, 1930, at a rental of $3,000 net per year, payable in equal monthly installments in advance and in conformity to all conditions, covenants and agreements contained in a form of lease attached to the proposal and made a part thereof. This proposal was, on the 28th day of October, 1929, accepted by S. S. Kresge Company, and thereby became a valid written contract for the lease of the premises in accordance with the terms of the proposal and form lease attached thereto.

Thereafter, on the 9th day of November, 1929, pursuant to the written contract last above referred to, Kate Moff and Walter A. Moff, as executors of the estate of Henry Moff, deceased, Juliet E. Moff as executrix of the estate of Ralph W. Moff, deceased, and

Kate Moff, Walter A. Moff, and Juliet E. Moff, as well as the S. S. Kresge Company, by its vice-president and assistant secretary, executed a lease of the premises known as Commercial Block in the city of Salem, Ohio, to the S. S. Kresge Company for the period of fifty years beginning March 1, 1930, wherein the S. S. Kresge Company agreed to pay to the lessors the rental for such demised premises, as follows:

"One hundred fifty thousand ($150,000.00) Dollars payable as follows: At the rate of Three Thousand ($3,000.00) Dollars net per year during the term hereof, payable in equal monthly installments of Two hundred Fifty ($250.00) Dollars each in advance, on the first business day of each and every month during the term hereof, beginning March 1, 1930, and ending February 29, 1980."

This written instrument of lease was upon a form endorsed on the back in printing, "Real Estate Department S. S. Kresge Company, Detroit." The acknowledgment of Kate Moff and Walter A. Moff, individually, appear on the original printed form of the lease, and on the same sheet of paper with the rest of the lease. The acknowledgment of the proper official of the S. S. Kresge Company appears upon the same sheet of paper with the rest of the lease. The acknowledgment of Kate Moff and Walter A. Moff as Executors of the estate of Henry Moff, deceased, as well as the acknowledgment of Juliet E. Moff in her capacity as executrix of the estate of Ralph W. Moff, deceased, and of Juliet E. Moff in her individual capacity, are upon a sheet of paper which is firmly pasted upon the printed form of lease.

The lease was duly recorded in the Recorder's office of Columbiana county, Ohio, on the 11th day of December, 1929, and the S. S. Kresge Company went into possession of the leased premises at the beginning of the term stated therein and have ever since been in

possession of the premises and paying the rentals stipulated in said lease.

It is stipulated between the parties to this litigation that the sheet of paper attached by mucilage to the form upon which the lease is written and upon which certain of the acknowledgments appear, was fastened thereto by mucilage before the parties, witnesses and notaries signed the instrument, and were so fastened by mucilage at the time of the delivery and recording of the lease.

Walter A. Moff, one of the sons of Henry Moff, died intestate on the 8th day of June, 1933, leaving Josephine R. Moff, his widow, and Raymond H. Moff, a minor, as his only next of kin and heirs at law, and on or about the 12th day of June, 1933, Josephine R. Moff was duly appointed and qualified, and is still acting, as the administratrix of the estate of said Walter A. Moff, deceased, and one Harry M. Vogel was duly appointed, qualified and is still acting as the guardian of the person and property of said Raymond H. Moff, a minor.

Juliet E. Moff, widow and sole devisee of Ralph W. Moff, deceased, on or about the 1st day of December, 1932, sold and conveyed to The B. D. K. Company a one-fourth interest in the Commercial Block. (Juliet E. Moff at the time being the owner of the one-half part of such premises, subject to the lease).

Kate Moff and Juliet E. Moff each elected to take under the respective wills of their deceased husbands, either by election in open court or by their conduct and action; at least, it is not questioned in this case that each such widow elected to take the provisions made for them in the will of their respective husbands.

Kate Moff, widow of Henry Moff, did not remarry, and died February 1, 1932.

A re-acknowledgment of the lease was made on the original sheet thereof by Juliet E. Moff and subscribed by the notary under date of February 2, 1934.

It is stipulated between the parties that at the time of the filing of this action the fee simple title to the premises described in the lease is as follows:

The B. D. K. Company has an undivided one-fourth interest; Juliet E. Moff an undivided one-fourth interest; Josephine R. Moff an undivided one-fourth interest; and Raymond H. Moff an undivided one-fourth interest, all of whom are proper parties plaintiff in this action.

Since the appeal of this proceeding to this court certain conveyances have been made changing the title to said property, and substitutions have been made of parties to conform thereto, and no question is made in this proceeding upon the subject of the fee simple title to the premises which are the subject of this action.

Upon the trial of this action in the Common Pleas Court the re-acknowledged lease was tendered by the plaintiffs to the S. S. Kresge Company, which tender was refused by the company. Prior to the institution of the action in the Common Pleas Court the S. S. Kresge Company, in writing, notified the owners of the fee title that it intended to vacate the premises and terminate, on February 28, 1934, its liability under what it designated the "purported lease," recorded in volume 34, page 36 of Columbiana county Record of Leases.

The questions raised before this court are the following:

(1) Did Kate Moff have the power, under the will of Henry Moff, deceased, to make a lease of the premises in question for fifty years?

(2) Does the lease in question conform to the provisions of Section 8510, General Code?

(3) Are the appellees entitled to have the lease reformed according to the manifest intention of the parties?

(4) Is the appellant estopped to question the validity of the lease?

"In construing a will, the great object is to ascertain the intention of the testator, and this is to be gathered from the phraseology of the will itself; and in order to arrive at this intention, it is necessary to look into the whole instrument. It will not do to seize upon an isolated passage, and give it a controlling effect. Rules of construction, as recognized in the books, should be adhered to, and resort may be had to decided cases. But these cannot be conclusive, as it is not to be expected that any two wills will be exactly alike. After all, the sound judgment of the court, in any given case, must be relied upon to ascertain the meaning of the testator, from the language which he has employed." *Lessee of Williams* v. *Veach,* 17 Ohio, 171.

"It has become a formula, in the construction of wills, that the intention of the testator must govern. This intention must, of course, be ascertained from the language of the instrument, as applied to the subject matter, and the surrounding circumstances.

"The rule for construing the language of a will is less rigid than it is in regard to any other instrument. It is not, necessarily, to be viewed technically, and, with strict grammatical accuracy, but sensibly and liberally, in order to give effect to intention. * * * In whatever language an intended disposition is expressed, if the disposition itself be not unlawful, it must follow the ascertained intent." *Brasher* v. *Marsh,* 15 Ohio St., 103.

By Item Second of the will of Henry Moff, deceased, he gave, devised and bequeathed to his wife, Kate Moff, all of the rest, residue and remainder of his estate after the payment of his debts and funeral expenses, the same to be hers during her lifetime, provided she remained his widow, and at the date of her death, or re-marriage, all that remained of his estate should go and pass to his children, Walter A. Moff and Ralph W. Moff, share and share alike, and if either

die leaving children, such child or children to take the share their parent would have taken if living.

By Item Third of the will of Henry Moff he directed that when his executors have settled his estate so far as his debts are concerned, from this time on his wife can have the right, so long as she remains his widow, to sell and dispose of his real and personal property, she using the proceeds to live upon and to assist his children, the same as he could do if living.

By the language in the will we find there is granted to the widow the power to sell and dispose of the testator's real estate and use the proceeds to live upon and to assist the children the same as the testator could do if living, and this power is coupled with the life interest in the real estate devised by the will to the widow.

It is conceded that the will is broad enough to authorize the widow to make a sale of the real estate in question, but it is claimed by the appellant that the power granted to the widow in this will does not authorize the widow to execute the lease for fifty years, and we are cited by counsel for appellant to the case of *Breuer* v. *Hayes,* 10 Dec. Rep., 583, 22 W. L. B., 144, as authority to sustain this position of the appellant.

From the syllabus in the last cited case it is stated: "1. A naked power of sale does not imply a power to lease."

In that case the executors made a void lease under a naked power of sale and conveyed the reversion subject to the lease. It was there held "that the claim that the two acts constitute a lawful execution of the power is, at least, so doubtful that in the absence of the *cestuis que trust* a court of equity ought not to force upon a purchaser, a title dependent for its validity upon the deed of the reversion."

The facts in *Breuer* v. *Hayes, supra,* are in no respect similar to the facts in the case under consideration by this court. In *Breuer* v. *Hayes, supra,* as to

four-fifths of the real estate the power was a naked power of sale not coupled with any interest in the executors, and it was held that the executors, under such power, had no right to make a lease of the premises. In the case at bar, we have a power coupled with an interest, and, in addition to the power of sale, there is granted by the will of Henry Moff to his widow the power to dispose of his real estate and personal property, she using the proceeds to live upon and to assist his children the same as he could do if living. The words "the same as he could do if living" need not be given their strict grammatical construction, but in interpreting the will so as to ascertain the intention of the testator these words will be held to modify the power of disposition of the real estate, as well as modifying the use of the proceeds, provided this construction is not in conflict with the intention of the testator as determined from the whole instrument. Looking further to the language of the will we find that the testator directs that at the death of the widow "all that remain" of his estate shall pass to his children, if living, and it is further provided in the will that if the widow, Kate Moff, should remarry then a provision is made disposing of that part of the estate "left at that time."

In examining the case of *Breuer* v. *Hayes, supra,* in the opinion by Taft, J., reference is made to the case of *Liefe* v. *Saltingstone,* 1 Mod., 189, 86 Eng. Rep. Reprint, 819, where the will made "A devise to the wife for life with power to dispose of the estate to the children"; and wherein the court held that the greater includes the less.

Speaking of this case of *Liefe* v. *Saltingstone,* Judge Taft says:

"We do not think this case supports the plaintiff's contention for several reasons. The power under consideration was a power coupled with an interest, which

is a material distinction in this, that the ordinary construction of such a power may have to be materially modified, as it was in the case cited, in order to carry out the intention of the donor with respect to the enjoyment of the interest. Again, a close examination of the chancellor's language shows that what he was considering the effect of, was the words 'dispose of.' He cites a case to show that those words have been held, under circumstances of necessity, to justify a sale of the fee and then, in effect, says that if those words will justify so extreme a measure as a sale, they will, on the principle that the greater includes the less, justify a lease, which is a more limited disposition of the estate. This is a very different thing from saying that a power to sell includes a power to lease, because the one is greater than the other. The term 'dispose of' is a much wider term than sale or lease, and includes them both.''

So, we find that the case of *Breuer* v. *Hayes, supra,* is authority for holding that the words ''dispose of'' used in the will of Henry Moff, deceased, constitute a term of much wider significance than sale or lease, and include them both.

It is also noted that in the opinion of Taft, J., in the case of *Breuer* v. *Hayes, supra,* attention is called to the fact that the *cestuis que trust* were the parties to the action of *Liefe* v. *Saltingstone, supra,* and we observe here that all parties having an interest in the real estate in question are parties to this proceeding, and are upholding the validity of the lease in question, so that it is quite plain for us to see from the record and the evidence that the disposition made by the widow under the power granted in the will in making this lease is and was for the benefit of the estate and for the benefit of all persons interested therein.

In the case of *Wolff* v. *O'Brien,* 231 Mass., 487, 121 N. E., 368, it was held in the syllabus:

''A testator devised and bequeathed all his prop-

erty to his wife 'for her natural life, with power to sell or mortgage said property if she considers it necessary,' leaving the remainder to his children upon her death. The widow made a lease of certain real estate that had belonged to her husband, and died while three years of the term of the lease were unexpired. In a suit in equity by the tenant under the lease against the children of the testator to enjoin them from interfering with his quiet enjoyment of the property, it was *held* that the power of the widow to sell the property included the power to lease it, and that accordingly the lease was good against the defendants, and the tenant was entitled to an injunction.''

It will be noted that the power granted to the widow in the will of Henry Moff is to sell and dispose of his real estate. In the case of *Hill* v. *Sumner*, 132 U. S., 118, 33 L. Ed., 284, 10 Sup. Ct., 42, Mr. Justice Miller, of the Supreme Court of the United States, said:

''The definition of the words 'dispose of' or 'sell,' in this article, must be considered with reference to the remainder of the contract, to ascertain its meaning. Obviously the word 'dispose' must have some meaning in the contract, and is not synonymous with the word 'sell.' It would be useless, if such were its construction. It must mean something more or something less than the word 'sell.' In the circumstances of this case, it would seem to mean something more. The references of counsel in their briefs to decided cases attempting to define that word are of course of very little avail, as in each instance it must be taken in connection with the circumstances in which it is used. In the language of this court in the case of *Phelps* v. *Harris*, 101 U. S., 370, 380, 'the expression ''to dispose of'' is very broad, and signifies more than ''to sell.'' Selling is but one mode of disposing of property.' ''

Counsel for appellant seemingly place great reliance upon the case of *Rutledge* v. *Crampton*, 150 Ala.,

275, 43 So., 822. This case has no similarity to the facts in the case at bar. In the opinion the court states:

"Our attention is called to the case of *Phelps* v. *Harris,* and authorities there cited and considered in 101 U. S. 370, 25 L. Ed. 855, wherein it is held, *and properly so,* that the right to sell and dispose of the property gave the right to partition, and wherein a proper distinction is made between the words 'sell' and 'dispose'; but such cannot be the meaning of the word 'dispose' in the case at bar, for the words as used in the will of Bell are synonymous, for, while it says 'sell and dispose' of as she may think best, *it further says,* 'either at public or private sale,' thus directing the method of disposition and limiting it to a conveyance." (Italics ours.)

In the case at bar there is no limitation upon the phrase "sell and dispose of" in the will of Henry Moff, otherwise than by the words "she using the proceeds to live upon and to assist my children same as I could do if living."

In the case of *United States* v. *Gratiot,* 39 U. S., 526, 10 L. Ed., 573, the syllabus is as follows:

"The words 'dispose of' the public lands, used in the Constitution of the United States, cannot, under the decisions of the Supreme Court, receive any other construction than that Congress has the power, in its discretion, to authorize the leasing of the lead mines on the public lands, in the territories of the United States."

In arriving at the true intent and meaning of this will it is pertinent to observe that the testator provided therein that at the death of his wife "all that remain of my estate" shall go and pass, etc., and provided therein that upon the re-marriage of his wife "then I will and bequeath her the undivided one-third part of my estate *left at that time* and the balance" etc. Taking this language in connection with the fact that the

testator used both the words "sell" and "dispose of" in the third clause of his will, and with the further fact that the disposition made by the widow in granting the lease in question is for the benefit of the estate, as well as for the benefit of the residuary devisees, and taking into consideration the fact that the term "dispose of" has a broader and more general meaning than the word "sell," and the further fact that it must be held that the testator had some purpose in using the additional words "dispose of," and the further fact that the power granted to the widow is coupled with an interest, and the further fact that the language used is capable of the reasonable construction that the testator intended to grant to his wife the same power of disposition over this real estate as he "could if living," we have arrived at the conclusion that the intendment of the testator by the language used in this will in view of all the circumstances surrounding the same is sufficiently broad to have authorized the making of the lease in question.

It is said in oral argument of counsel for the appellant that if the court should find that the will in question granted the power to the widow to make the lease in question that would finally dispose of this case, but we deem it proper to further refer to the situation presented by other facts and circumstances surrounding the execution of the lease. In this connection we first observe that it is stipulated between the parties that the debts and funeral expenses of Henry Moff have been paid, and it follows that there is no further power of the executors of Henry Moff, deceased, to sell or dispose of his real estate after the payment of his debts and funeral expenses. It therefore follows that, in any event, the widow and the two sons of Henry Moff, all of whom survived the father, were the only persons interested in the real estate so long as the widow and both of the sons of Henry Moff lived. Upon the death of Ralph W. Moff, his widow, Juliet E. Moff,

succeeded to all the interest of Ralph W. Moff in this real estate by virtue of the will of Ralph W. Moff, so that we find and hold that at the time of the execution of the lease in question the only persons who could possibly have had any right, title or interest in the real estate leased were Kate Moff, Walter A. Moff and Juliet E. Moff. The lease in question was concededly signed and properly acknowledged upon the same sheet of paper by Kate Moff and Walter A. Moff. As shown by the written contract, which is a part of the record in this case, it was clearly the intention of the parties that a lease for fifty years be granted to the S. S. Kresge Company. All that the S. S. Krésge Company can reasonably demand is a lease which shall protect them in their peaceable enjoyment of the premises during the term therein.

The acknowledgment of Juliet E. Moff was upon a sheet of paper which had been firmly attached by mucilage to the main body of the instrument, and it is stipulated that it was so firmly attached at the time the instrument was executed, delivered, accepted and recorded. Juliet E. Moff has subsequently acknowledged the execution thereof and her acknowledgment has been set forth on the main body of the instrument and the lease again tendered to the lessee, and upon the trial said re-acknowledged lease was brought into court and tendered to the lessee. Under all these circumstances it is the finding of this court that the lease should be and is reformed so as to conform with the real intent of all the parties thereto, when the same was executed and delivered, and such lease, as so modified and corrected, is held to be a good and sufficient lease for the full term thereof and is valid and legally sufficient to convey the fifty year term sought to be conveyed thereby, and is a valid and binding lease as to all parties thereto and their successors in title, and that judgment be entered for the appellees and against

the appellant as prayed for in plaintiffs' petition, and for costs.

It is further ordered by this court that the clerk of this court certify to the recorder of this county the judgment and decree entered herein, and that the same be entered by such recorder on the margin of the record of the lease in volume 34, page 36, *et seq.,* of the Lease Records of Columbiana county, Ohio, and that a copy of the journal entry of this court showing the judgment and decree hereby ordered be recorded in its entirety in the Recorder's Office of Columbiana county, Ohio.

*Decree accordingly.*

CARTER and ROBERTS, JJ., concur.