Sterling, Appellant, *v.* Hanley Motor Sales, Inc., Appellee.

(No. 4447—Decided February 6, 1950.)

*Mr. J. W. Starritt,* for appellant.
*Mr. Harley A. Watkins,* for appellee.

CARPENTER, J. A demurrer to the second amended petition was sustained and the petition dismissed. From that order this appeal on questions of law followed.

This case has had an unusual procedural history. The petition alleged that plaintiff purchased an automobile from defendant; that defendant "maliciously and falsely warranted the said automobile to be one month old and to be a new automobile, and to be fit and proper for purposes of a passenger automobile"; that plaintiff relied on that warranty and paid for the automobile with a used automobile, cash and a note; that the automobile purchased was not as warranted; that the automobile was not in fact new, but was five

months old, was rusted, corroded, defective and not of the value paid for it; and that when plaintiff discovered these facts he notified defendant and offered to return the automobile to him and demanded back his used automobile and cash, which defendant refused. Plaintiff prayed for $1,200 actual damages and $500 exemplary damages.

Defendant filed a motion to strike out various parts of the petition, including the allegations as to warranties and particularly that they were "maliciously and falsely" made and the negations of them, and to make other allegations definite. Also included in matters to be stricken was the prayer for exemplary damages. The defendant appended to its motion a photostatic copy of what was apparently plaintiff's order for the purchase of the automobile, which included the terms of sale, the motor number and a provision as to warranties, and it asked the court to order plaintiff to answer under oath the interrogatory whether that was a true copy of the order and whether he signed such agreement.

The court granted practically all the motion to strike and to make definite, and ordered plaintiff to answer the interrogatory.

The plaintiff in writing objected and excepted to the interrogatory, then answered "that the alleged photostatic copy of the sales agreement annexed to defendant's motion, was signed by the plaintiff, and that said photostatic copy to the best of plaintiff's recollection is a correct duplicate of the original."

An amended petition was then filed which conformed to the court's order excepting the prayer which was for $2,000 for actual and exemplary damages, attorney fees and court costs.

A motion to strike from the files the amended petition, because it included in its prayer exemplary

damages, was granted. The amended petition having been stricken, the issue on the demurrer to it was held to be moot.

An amended answer to defendant's interrogatory was filed by plaintiff in which he stated "that the alleged photostatic copy of the sales agreement, annexed to plaintiff's motion, was never seen nor signed by the plaintiff."

In the oral argument in this court, counsel for plaintiff explained that plaintiff's original answer to the interrogatory was made under a mistake of fact on his part.

A second amended petition was filed in substantially the same form as the amended petition, except the prayer was for $1,200 and there was no mention of exemplary damages. It alleged that defendant, "as part of the contract of sale, warranted the said automobile to be one month old and to be a new automobile, and to be fit and proper for purposes of a passenger automobile."

The warranty was negatived as to age of the automobile and many defects in it were specifically enumerated. The plaintiff also alleged the offer to return the property and the demand for the consideration paid for it.

To this, defendant demurred on the ground "that said second amended petition fails to state a cause of action against the defendant when considered together with the admissions of the plaintiff of record in this case."

This demurrer was sustained and, plaintiff not desiring to plead again, his amended petition was dismissed and judgment for defendant was entered.

There are three material assignments of error. Two of them relate to the action of the court in disposing of the petition and amended petition. In both the

amended and second amended petitions, objections are made and exceptions taken to the court's action on the preceding petition.

In *Grimm* v. *Modest,* 135 Ohio St., 275, 20 N. E. (2d), 527, the syllabus states as follows the settled law of Ohio on the effect of pleading over, as did plaintiff herein after these motions were granted:

"1. The substitution of an amended petition for an earlier one ordinarily constitutes an abandonment of the earlier pleading and a reliance upon the amended one.

"2. When a substantial part of a plaintiff's claim has been stricken from his petition he may elect to rely upon such petition and, upon dismissal of his cause by the court for refusal to amend, may have a review to determine the correctness of the trial court's action."

In the opinion in that case are cited *State, ex rel. Talaba,* v. *Moreland, Judge,* 132 Ohio St., 71, 5 N. E. (2d), 159, wherein it was said, "The earlier pleading becomes *functus officio.*" To the same effect is *Raymond* v. *T., St. L. & K. C. Rd. Co.,* 57 Ohio St., 271, 48 N. E., 1093, which was approved in *Ironton* v. *Wiehle,* 78 Ohio St., 41, 84 N. E., 425. Another recent and similar case is *Bingham* v. *Nypano Rd. Co.,* 112 Ohio St., 115, 147 N. E., 1. Under those authorities, the action of the court on the motions which disposed of the petition and amended petitions is not here for review at this time.

The third assignment of error is directed to the sustaining of the demurrer to the second amended petition and its dismissal and to the final judgment entered.

The second amended petition alone does not appear to be subject to demurrer. Apparently defendant considers and relies upon the facts brought into the rec-

ord by the interrogatory it attached to its motion to strike from and make the petition definite, and plaintiff's first answer thereto.

Plaintiff now raises two objections to this interrogatory:

1. That by the terms of Section 11348, General Code, a party can annex an interrogatory to a pleading other than a demurrer. This one was annexed to a motion. Under Section 11303, General Code, a motion is not a pleading. Had there been a motion to strike the interrogatory, this question would have been raised in the trial court, but, having answered with only an objection as a preface to his answer, plaintiff waived his opportunity to present this question.

2. That the question propounded is not the proper subject of an interrogatory. This could have been raised by a demurrer as contemplated by Section 11348, General Code. Not having demurred, but having answered the question, plaintiff waived his right to raise this question.

Defendant urges that its demurrer searches the record, and, after consideration of the interrogatory and plaintiff's answer in which he admitted that he signed the contract in the form it appeared in the copy attached to the interrogatory, including the provisions as to warranties, the second amended petition does not state a cause of action.

This reasoning loses sight of the provisions of Section 11309, General Code, which provides for a demurrer to a petition. It reads:

"The defendant may demur to the petition only when it appears on its face either:

"* * *

"10. That the petition does not state facts which show a cause of action."

The principle that a demurrer searches the record

relates only to the pleadings, it does not contemplate consideration of incidental matters which may have come into the cause such as the interrogatory and plaintiff's answer to it.

The purpose of annexing interrogatories to a pleading is for discovery to enable a pleader to plead and prepare his own case and is not to help him destroy the case of his adversary. *Schuldt* v. *Associates Investment Co.*, 61 Ohio App., 213; *Ward* v. *Mutual Trucking Co.*, 22 Ohio Law Abs., 636.

Without the material thus injected into the second amended petition, it was good, and the court erred in its order sustaining the demurrer and dismissing that petition.

The judgment is reversed and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

CONN and FESS, JJ., concur.