ROSS, APPELLANT, *v.* THE CINCINNATI TRANSIT CO., APPELLEE.
(Two cases.)

(Nos. 8099 and 8100—Decided March 12, 1956.)

*Mr. Harry Kasfir, Mr. Morton Rosenbaum* and *Messrs. Weiland, Solinger & D'Angelo,* for appellants.
*Mr. Leo J. Brumleve, Jr.,* for appellee.

Ross, P. J. These two appeals upon questions of law were heard together. They involve identical questions, arising upon demurrers to the amended petitions filed in each case, which were sustained by the Court of Common Pleas of Hamilton County.

In each case the plaintiff filed a petition charging that the damages claimed were due to the joint negligence of the Cincinnati Transit Company and Taxicabs of Cincinnati, Inc. The plaintiffs settled with the taxicab company, after its answer, reserving the right to continue their actions against the transit company.

Thereafter, the plaintiffs filed amended petitions, in which the plaintiffs omitted the taxicab company from such amended petitions, still charging, however, that their damages were due to the negligence of the transit company. The specification of specific acts of negligence varies in the two pleadings, but the causes of action remain the same as limited to the transit company.

Demurrers were filed by the transit company to the amended petitions, upon the specific ground that such pleadings did not "state facts sufficient in law to constitute a cause of action." A reading of the amended petitions is conclusive that such pleadings do constitute statements of valid causes of action. This is not denied by the defendant.

In the original petitions the plaintiffs charged, first, negligence of taxicab company and the transit company. It is

claimed that certain allegations of fact therein exculpated the transit company. The latter demurred. No ruling appears in the record upon such demurrer. When the amended petitions were filed the recital of facts as to the incident of the plaintiff's injury was altered so as to throw the entire blame on the transit company. The charge involved allegations by the plaintiffs as to the operation of the vehicle of the transit company by its employee. The effect of the change in the allegations was to charge joint negligence in the original petitions, and sole negligence of the transit company in the amended petitions. The pleadings were verified by belief only.

We are compelled to rely upon the statements of counsel in their briefs to ascertain upon what theory the trial court avoided the validity of the amended petitions. This appears in a statement attributed to it that "there was a dramatic inconsistency between the original petitions and the amended pleadings."

The Supreme Court has drawn a definite distinction between the issue of negligence (the cause of action) and a specification of negligence. *H. E. Culbertson Co.* v. *Warden,* 123 Ohio St., 297, 175 N. E., 205. The filing of an amended pleading supersedes the original pleading. *Bingham* v. *Nypano Rd. Co.,* 112 Ohio St., 115, 147 N. E., 1. It may be, however, used at a trial for purposes of cross-examination. In *Peckham Iron Co.* v. *Harper,* 41 Ohio St., 100, in paragraph one of the syllabus it is stated: "That it was not error to permit the plaintiff to read in evidence to the jury, that portion of the original answer, which contained an admission of the company's corporate existence." That does not sustain the defendant's position that an allegation made in an original pleading, superseded by an amended pleading, may be selected out of other allegations to refute a validly stated cause of action in the amended pleading, or a demurrer to the latter pleading.

A cardinal rule applicable to demurrers to petitions is that the court upon consideration of the same may not go beyond the face of the pleadings. Section 2309.08, Revised Code, provides:

"The defendant may demur to the petition only when it appears on its face that:

"* * *

"(J) The petition does not state facts which show a cause of action."

It seems also that the trial court was under the impression the rule that a demurrer searches the record was applicable. This is no foundation for such application. The rule is predicated upon the principle that he who demurs to a pleading must stand on firm ground, and that if the first defect was *in a pleading of demurrer,* then he must suffer the penalty of having a demurrer leveled at his own prior pleading. 31 Ohio Jurisprudence, 781, "Pleading," Section 202; *State, ex rel. Hile,* v. *Zangerle, Aud.,* 132 Ohio St., 523, 9 N. E. (2d), 292; *State, ex rel. Longman,* v. *Welsh,* 133 Ohio St., 244, 13 N. E. (2d), 119; *State, ex rel. Mettler,* v. *Stratton,* 139 Ohio St., 86, 38 N. E. (2d), 393.

The search, to find any authority to sustain the position that a demurrer to an amended petition will search defects in an original petition, will be in vain.

The *demurrer* of the defendant is based upon the claim that the amended pleading states no cause of action, yet its whole argument is addressed to an inconsistency of allegation of facts in the two pleadings, and there is no attempt to attack the amended pleading for defects in the allegation of facts therein, or through which a failure to state a cause of action exists.

Even when the record is properly searched by a demurrer addressed to a pleading, filed after the petition, still the general rule applies, and such defect must be one found upon the face of the pleading. No demurrer can go further.

It is the conclusion of the court: (1) that the original petition in each case was superseded by the amended petition; (2) that under the statute, Section 2309.08, Revised Code, upon demurrer to such amended petition the court may not look beyond the face thereof; (3) that the rule that a general demurrer searches the record has no application to a demurrer filed to an amended petition by a defendant; and (4) that mere changes in allegations of fact, applicable to one specification of negligence do not constitute a change in the cause of action.

The demurrers should have been overruled.

The judgment in each case is reversed, and the causes

remanded to the trial court for further proceedings in accordance with law.

*Judgments reversed.*

HILDEBRANT and MATTHEWS, JJ., concur.