BARGA, ADMX., APPELLANT, *v.* LONGFELLOW, APPELLEE.[*]

(No. 760—Decided October 3, 1959.)

*Messrs. Marchal & Marchal*, for appellant.
*Messrs. Spidel, Staley & Hole*, for appellee.

CRAWFORD, J.  In this action for wrongful death plaintiff administratrix appeals on questions of law from a verdict and judgment for the defendant.  Plaintiff's decedent daughter, Janet K. Barga, 17 and 1/2 years of age, was killed in an automobile collision on the early morning of June 2, 1957, at the intersection of state route No. 127 and old state route No. 127, now known as the Greenville-St. Marys Road.  Decedent was a

[*]Motion to certify the record overruled, January 13, 1960.

passenger in a 1955 four-door Ford automobile being operated northwardly on new state route No. 127, which collided with a 1955 Ford convertible automobile which had been driven by defendant into the intersection from the east.

Old route No. 127 had formerly been a continuation of new route No. 127, both segments forming a straight line running generally north and south, but inclined slightly northeast and southwest.

Now, new route No. 127, after proceeding northeastwardly as before, makes a slight curve and goes due north past the intersection. This curve begins approximately 1,100 feet south of the intersection.

Now, old route No. 127, after proceeding southwestwardly as before, turns west just before reaching the intersection.

Hence, the two roads intersect approximately at right angles.

Among plaintiff's 11 assignments of error, it is claimed (first) that the verdict is against the manifest weight of the evidence, (sixth) that the court erred in charging on contributory negligence of plaintiff's decedent, and (seventh) that in so charging the court erroneously imposed upon her the standard of care applicable to adults.

Appellee, arguing that none of these assignments is well made, nevertheless urges the two-issue rule. It is his contention that if error should be found in the charge on contributory negligence, still the issue as to defendant's negligence was properly submitted and that the verdict of the jury in his favor is supported by the evidence.

With respect to the sixth assignment, appellant contends that no charge as to negligence of the decedent was justified by the evidence. It appears from the record that decedent and her young escort, Eugene Brandewie, driver of the Ford in which she was riding, were travelling in the company of three other couples who were following them in two other automobiles. All these young people had been making a tour of various places of recreation and refreshment. All three automobiles had entered into new route No. 127 at a point a little more than one mile south of the intersection with old route No. 127. Shortly thereafter, Brandewie had passed the car ahead and taken the lead. We find no evidence of racing.

The speed of Brandewie's car was variously estimated at somewhere around 40 to 55 or more miles per hour. The defendant, who was at the intersection almost directly in front of the three cars coming north, had said in a deposition that they were going 65 or more miles per hour. At the trial, he declined to make an estimate, saying only: "It is hard to determine speed at night. I mean they were approaching rather fast * * *."

Inasmuch as there was some reasonable evidence that the car in which decedent was riding was exceeding the then maximum prima facie lawful speed of 50 miles per hour (Section 4511.21, Revised Code), it was not improper to charge upon the issue of decedent's negligence and to submit that question to the jury. 6 Ohio Jurisprudence (2d), 578, Automobiles, Section 318. And see *Toledo Railways & Light Co.* v. *Mayers*, 93 Ohio St., 304, 112 N. E., 1014.

The seventh assignment of error presents a much more serious problem in that the court's charge held the decedent to the standard of ordinary care applicable to adults. It is well established that this is not a proper test for children. *Rolling Mill Co.* v. *Corrigan*, 46 Ohio St., 283, 20 N. E., 466, 15 Am. St. Rep., 596, 3 L. R. A., 385; *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Grambo, Admr.*, 103 Ohio St., 471, 134 N. E., 648, 20 A. L. R., 1214; *Hemmelgarn* v. *Bailey*, 61 Ohio Law Abs., 179, 104 N. E. (2d), 50; 39 Ohio Jurisprudence (2d), 655, Negligence, Section 102; 6 Ohio Jurisprudence (2d), 538, Automobiles, Section 289.

We apprehend that this rule as to children, especially those in their later teens, is based, not entirely upon a difference in intelligence, but also upon differences in maturity, prudence, and the judgment which comes only with experience. The evidence indicates that decedent was intelligent, educated, capable and well trained. But these general qualities alone will not subject her to the adult requirements of ordinary care while riding in a motor vehicle.

At the close of the general charge counsel for both sides noted their general exceptions. This particular question was not then raised. Nor was it necessary that it should be in order to save the question. There was not an omission to charge, but

the giving of a charge on the subject which we deem erroneous, and prejudicial.

This being true, if the judgment is to be sustained, it must rest upon the proposition that the evidence justified a finding that the defendant was free from negligence.

Our examination of the record convinces us that such a finding would be contrary to the manifest weight of the evidence.

While it is no part of the record, the opinion of the trial court in overruling the motion for a new trial contains these interesting words: "Had the jury found that the defendant, William J. Longfellow, was not negligent, the court would have no hesitation whatsoever in sustaining the motion. There can be no question that he was negligent."

Our examination of the record leads us to the same conclusion.

The single specification of negligence contained in the amended petition is that defendant failed to yield the right of way. It is established that there was a stop sign erected at the northeast corner of the intersection to control westbound traffic emerging from old route No. 127. It was apparently assumed that it was erected by proper authority. At any rate, defendant says he stopped, and there is no definite contradiction. Whether, by reason of excessive speed, Brandewie forfeited his right of way is a nice question.

But if he did, and if defendant could therefore be said to have acquired the right of way, it must be borne in mind that right of way is a right to proceed, not to stop in the intersection. By his own admission, defendant was standing two or three feet in the intersection just prior to the time of the collisions between his car and Brandewie's and the car next following Brandewie. In his deposition, he estimated that he was out about five or six feet. He said that he saw the center line of new route No. 127 over the front of his car, but apparently had no very definite knowledge of his location. He was trying to make up his mind whether to proceed or to back out of the intersection. He did neither, but was standing still when the collisions occurred.

Both Brandewie's car and the one next in line behind him

were in the northbound lane of new route No. 127. Both struck defendant's Ford. After these collisions, the defendant's Ford was well within the travelled portion of new route No. 127, and there is some evidence that it was close to the west berm.

It is impossible for us to reconcile a finding that defendant was free from negligence with his act of standing in the intersection in the face of oncoming traffic.

The allegations of the amended petition allege what defendant did, without describing the precise manner in which he did it. According to accepted practice such allegations are broad enough to cover the negligence involved. (39 Ohio Jurisprudence [2d], 686, Negligence, Section 123.) And the general charge was adequate to advise the jury of their duty in this respect.

Inasmuch as the judgment cannot be supported upon either of these two issues, that is, decedent's negligence or defendant's freedom from negligence, it must be reversed.

The second, third, fourth, eighth and eleventh assignments of error are either so closely related to those already discussed, or are so general in their nature as to require no further comment.

As to the fifth assignment, we find no prejudicial error in permitting the use by counsel for defendant for purposes of impeachment, of prior testimony given by plaintiff's witness, Eugene Brandewie, in a trial in a mayor's court of a criminal charge against the defendant.

As to the ninth assignment, plaintiff has waived any objection to the court's rulings upon the pleadings by filing her amended petition. *Grimm* v. *Modest*, 135 Ohio St., 275, 20 N. E. (2d), 527; *Bingham* v. *Nypano Rd. Co.*, 112 Ohio St., 115, 119, 147 N. E., 1; *Sterling* v. *Hanley Motor Sales, Inc.*, 87 Ohio App., 362, 95 N. E. (2d), 273; *Starr* v. *Gebhart*, 71 Ohio Law Abs., 33, 130 N. E. (2d), 358; *Herzig* v. *Hunkin Conkey Construction Co.*, 60 Ohio Law Abs., 313, 101 N. E. (2d), 255; *Davies* v. *Columbia Gas & Electric Corp.*, 51 Ohio Law Abs., 372, 79 N. E. (2d), 327.

The tenth assignment is that the court erred in giving to the jury before argument special instructions Nos. 1 through 9, inclusive, offered by the defendant. Only special instruction

No. 8 is argued in the brief. It is a general charge on contributory negligence and proximate cause and does not involve the question as to the proper standard of care. In our consideration of the sixth assignment of error we have already found it proper to charge upon this subject.

Inasmuch as the other eight special instructions complained of are not argued in the brief, we make no comment upon them.

For the reasons given, the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

WISEMAN, P. J., and KERNS, J., concur.