### RYAN v
### KROGER GROCERY & BAKING CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided April 12, 1937

▮▮▮▮▮▮▮▮▮▮

Freiberg & Simmonds, Cincinnati, for appellee.

Nichols, Morrill, Wood, Marx & Ginter, Cincinnatti, for appellant.

## OPINION

.By MATTHEWS, J.

This case comes before the court upon the appellee's motion to dismiss the appeal.

The motion raises the questions of whether the legislature has assumed to confer jurisdiction to review the action of the Common Pleas Court at the time and under the circumstances presented by this record, and, if it has so assumed, whether this court under the Constitution of Ohio can accept the proferred jusisdiction.

The facts presented by the record are:

The appellee filed an action to recover damages for breach of a contract, whereby ·

the appellant agreed to employ him as director of a research foundation at $15,000 per year, so long as the appellant continued to maintain such foundation.

The appellant in its answer denied the contract as alleged and explained that the contract actually entered into was an employment for one year, and that that contract had been fully performed, on both sides. In addition to this denial the answer under the heading "second defense" contained a long recital relating to an action in the United States District Court for the Southern District of Ohio, Western Division, between the same parties, involving the same employment, resulting after two trials in a final judgment in defendant's favor, which judgment the pleader concluded was res adjudicata and barred a re-examination of the merits of the appellee's claim. There were attached to this answer and made part thereof the pleadings, orders and judgment. From the answer and exhibits attached to it, it appears that there was a doubt as to whether the plaintiff in the United States Court—the appellee in this court—intended to base his right of recovery upon a breach of contract or in tort based on fraud.

On defendant's motion, the plaintiff was required to elect, and thereupon elected to "proceed as upon a case in fraud."

Plaintiff filed a motion in the instant case to strike out many of the allegations of the answer and all of the exhibits attached thereo.

Upon the hearing of this motion, the court ordered many of the allegations of that part headed "second defense" stricken but expressly provided that the ruling was "without prejudice, however, to the right of the defendant to set forth in its amended answer so much of said paragraph as is necessary to allege' that the plaintiff made the election to proceed as upon a case of fraud."

We do not stop to inquire whether the court ruled correctly on this motion in every detail, but it is clear that the answer contained many irrelevant, immaterial, and evidentiary allegations.

Leave was granted and the defendant filed an amended answer.

To this amended answer the plaintiff filed a motion to strike out the "second defense," on the ground that it was a sham. The court sustained this motion, and again granted leave to amend in "conformity with the above ruling."

Thereupon, a second amended answer was filed. This answer contained a "sec-

ond defense," to which the plaintiff demurred. These allegations in the second amended petition were limited to a recital sufficient to show that the ultimate nature of the action in the United States District Court was one in tort, based on an allegation of fraud in the inducement of the contract sued upon in this action, and also to show that the final judgment was in favor of the defendant. From these allegations, the defendant drew the conclusion that the plaintiff was estopped to maintain this action and that the judgment was res adjudicata of the matters alleged in the plaintiff's petition.

The court sustained the demurrer to this "second defense" and again gave defendant leave to plead.

The defendant filed another answer incorporating a "second defense" setting forth the ultimate facts that the issues in the case in the United States District Court were the same as in this case, that the action was between the same parties, that the court rendered a final judgment in favor of the defendant, and that such judgment is res adjudicata.

The plaintiff moved to strike this third amended pleading from the files and for summary judgment on the ground that said answer violated the former orders of the court and was a sham.

The court overruled the motion for summary judgment, and, because the answer contained a general denial, overruled the motion to strike it from the files, but then again ordered the second defense stricken from the answer, and granted leave to present an amended answer within five days, which, if found in conformity with the former orders of the court, the court would order filed.

Later, the court made this additional order, from which it is sought to appeal by this proceeding:

"It appearing to the court that the defendant has failed to file an amended answer within the time allowed by the court to do so, and that the defendant does not desire to plead further as to the second defense set out in defendant's third amended answer, defendant is hereby barred from pleading said second defense.

"Defendant is hereby granted five days to file an amended answer omitting therefrom the second defense which was contained in the third amended answer previously filed herein.

"Defendant, by its counsel, hereby excepts to the order of the court barring it

from asserting said second defense and requiring it to omit said second defense from its pleadings."

It is apparent that a difference of opinion as to the legal significance of the action in the United States District Court developed between the court and counsel when the defendant's answer was called to the court's attention by the plaintiff's motion to strike. Defendant's counsel's opinion was that it presented a plea of res adjudicata. The court did not concur in that opinion, but thought it might contain the elements of the defense of election of remedies, and so gave leave to amend to present that defense.

In this proceeding we are not called upon to determine which view was correct. It is sufficient to observe that the legal effect of all the court did in relation to the defendant's pleadings was to decide that the matters pleaded as to the "second defense" were insufficient in law to constitute a defense. In other words, the court sustained the plaintiff's general demurrer thereto. And having given the defendant ample opportunity to present whatever defense it had, the court in the exercise of sound discretion, was justified in requiring the submission of any subsequent amended answer to it before filing, so that the files might be protected against incumbrance by an answer already determined to be insufficient in law. 31 Ohio Jur. 926.

Coming now to the question presented by the motion to dismiss this appeal. We observe, first, that when any court is asked to exercise a power, its first duty is to determine whether that power has been conferred upon it, and this duty rests upon it whether its power is challenged or not.

The motion of the appellee to dismiss challenges the jurisdiction of the court under the constitution and statutes to make any order either affirming, reversing, or modifying the order of the Common Pleas Court from which it is sought to appeal.

In passing upon this motion it is appropriate that we advert to the Constitutional provision conferring jurisdiction upon the court That provision is found in **Article IV, §6, of the Constitution of Ohio,** and is as follows:

"* * * The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in

the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the Common Pleas Court, Superior Courts and other courts of record within the district as may be provided by law, * * *."

It will be observed that the jurisdiction is limited to reviewing "judgments" and no mention is made eo nomine, of orders either final or interlocutory.

It would seem from this that to justify the court in reviewing any order of the Common Pleas Court, we must find that such order came within the legal definition of a judgment.

Now what is a judgment?

The statutes, as they existed at the time the constitutional amendment was adopted conferring jurisdiction upon this court, furnish a sufficient definition. This statutory definition has remained the same during the intervening years and is now §11582, GC. It is:

"A judgment is the final determination of the rights of the parties in action. A direction of a court or judge, made or entered in writing and not included in a judgment, is an order."

And, by §12223-2, GC, the legislature defined a final order as follows:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be reviewed, affirmed, modified, or reversed with or without retrial as provided in this title."

It seems to us that the framers of the constitutional amendment of 1912 creating this court and defining its jurisdiction must have had in mind the statutory definition of judgment and final order and used the former term as so defined. If so, this court's jurisdiction is limited █ to reviewing such orders of the Common Pleas Court as finally determine the rights of the parties in actions in so far at least as the proceeding in which the order is made is concerned. This court affirms, reverses, or modifies such orders depending upon the state of the record. The Constitution does not contemplate that the court will entertain an appeal to decide a moot, abstract, or academic dispute. The order is that a,

sufficient predicate for an █ appeal must relate to the real issue or dispute between the parties, not merely to a collateral issue raised in the course of the proceeding.

Does an order sustaining a demurrer to matters pleaded as a defense █ constitute such a definitive determination of the rights of the parties in the pending action? We think not.

As long ago as **Holbrook, Admr. v Connelly,** 6 Oh St 200, the court, it seems to us, decided this question. We quote the entire statement of facts and the opinion in that case:

"Motion for leave to file a petition in error.

"The plaintiff sued the defendant in the Common Pleas Court of Fairfield County. The defendant demurred to the petition. The court overruled the demurrer, and the defendant, by leave, answered. The plaintiff demurred to the answer; which demurrer was sustained, and an amended answer filed. And the plaintiff moved to strike out a part of the amended answer; which motion was sustained. To these several rulings of the court, the defendant excepted. And in this stage of the case, while still pending, and before final judgment, the defendant comes here and asks leave of this court to institute a petition in error, to review and reverse the abovementioned decisions of the Common Pleas.

"Bartley, C. J. No final order, within the meaning of the 512th section of the code of civil procedure, is shown to have been made. It does not appear that either of the decisions made 'in effect determined the action and prevented the judgment.' For aught that appears, the defendant may yet succeed in his defense to said action. The record, therefore, discloses no foundation for a proceeding in error."

The distinction between an interlocutory order, from which no appeal may be taken, and a judgment or final order, from which an appeal may be taken, is clearly stated in 2 American Jurisprudence, 860, et seq. At page 862, it is said:

"In other words, a final judgment is one which operates to divest some right in such a manner as to put it beyond the power of the court making the order to place the parties in their original condition after the expiration of the term; that is, it must

put the case out of court, and must be final in all matters within the pleadings."

Now, tested by that rule, this record presents no judgment or order. The expiration of the term of court would have no effect upon the control of the court over any order shown in the record. As long as this case remains pending in its present state, the trial court has complete power to set aside every order shown to have been made, notwithstanding the passage of any number of terms of court. None of these orders ever become binding upon the court. At the trial of the remaining issues made by the pleadings or after the trial, the court upon re-examination may vacate all these orders and authorize the filing of an answer setting forth the matters previously held insufficient in law. This, it seems to us clearly demonstrates the interlocutory character of the orders. That a ruling upon a demurrer is not a final order is stated textually in 2 **Ohio Jur. 137.**

Counsel cites **Cincinnati Goodwill Industries v Neuerman, 130 Oh St 334, 4 O.O. 359.** It is sufficient to say that the record in that case disclosed that the defendant was entitled at the time to have a final judgment and that nothing remained to be done except so declaring and entering the declaration upon the journal in the form of a judgment.

No such situation is presented by this record. If this appeal should be entertained. it would not be possible for this court to enter or direct final judgment. There has been no trial of the rights of the parties in action. Indeed, the contentions of the parties have not been fully stated yet. The issues have not been joined. The most that this court could do would be to decide the issue between court and counsel as to the legal sufficiency of the matter pleaded as a defense. That is not an issue as to the rights of the parties in action.

We conclude that this court has no jurisdiction to hear and determine the matters presented by the record.

The motion is sustained and the appeal dismissed for want of jurisdiction.

ROSS, PJ, and HAMILTON, J, concur.