**WERY v SEFF, et**

Ohio Appeals, 9th Dist, Summit Co.

No. 3175. Decided May 11, 1939.

### OPINION

By WASHBURN, PJ.

The action below was for personal injuries. In that court each of the two defendants filed a demurrer on two grounds: that there was a misjoinder of parties defendant, and that separate causes of action against several defendants were improperly joined. Both demurrers were sustained by the trial court, and plaintiff was given leave to further plead. Plaintiff, however, advised the court that he did not desire to further plead; whereupon, the court dismissed his petition. An appeal on questions of law was thereafter taken to this court, and the matter is now before the court on a motion of the appellees to dismiss the appeal, upon the ground and for the reason that the order of the Court of Common Pleas entered in the cause, and attempted to be appealed from, is not a judgment or final order.

Applying the principles of law as announced in the case of **Grimm v Modest, 135 Oh St 275**, decided on April 12, 1939, we are of the opinion that the order of the Common Pleas Court in the instant case constitutes a final order, and is therefore reviewable.

The motion to dismiss is overruled.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for appellant.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellees.

DOYLE, J. & STEVENS, J., concur.

No. 3175. Decided June 6, 1939.

### OPINION

By WASHBURN, PJ.

Plaintiff, Charles A. Wery, brought this action in the Common Pleas Court of Summit County against defendants,

Harry H. Seff and his minor son Robert E. Seff, claiming that the father negligently entrusted his automobile to his said son to be operated upon the public streets; that said entrustment was, because of the age of the son, a violation of an ordinance enacted by the city of Akron, and that the son so negligently operated the automobile on the public streets of Akron as to injure plaintiff's wife while she was crossing a street at the proper place and in accordance with a signal light; and that the plaintiff was thereby put to great expense and damage.

The father and son each filed a demurrer to the petition on the ground that "it appears on the face of the petition that there is a misjoinder of parties defendant and also that separate causes of action against several defendants are improperly joined."

The trial court sustained both demurrers, and, the plaintiff declining to plead further, judgment was entered dismissing the action at the costs of the plaintiff.

The matter is before this court on appeal on questions of law.

In passing upon the demurrers, the trial court was required to regard as established all of the facts alleged in the petition, and all such reasonable inferences as might be drawn from such facts under a liberal construction of the petition.

The ordinance of the city of Akron which made is unlawful for the owner of an automobile (in this case Harry H. Seff) to permit a person under the age of 16 years to operate the motor vehicle upon the streets of Akron was passed for the protection of pedestrians and others using said streets, and the violation of the same constitutes negligence as a matter of law.

Because of the conclusion we have reached, this case will have to be certified to the Supreme Court for final determination, and therefore we will not attempt to analyze or even refer to the many cases having a bearing on the subject of joint liability of wrongdoers, or to justify our conclusion further than to fully state the same.

We recognize as established in this state the principle that two tort-feasors cannot be joined as defendants in a suit for injuries arising out of their concurrent acts where one is primarily and the other secondarily liable to the party injured; but no such a situation is presented in this case. Furthermore, this is purely a tort action, no right or liability growing out of a contract being involved.

For those reasons the many cases in the courts of Ohio, some of them quite recent, which deal with the question of joint liability where contract relationships are involved, or where the liability as between the wrongdoers is created or affected by statutes, are not controlling.

As has been said, there is no claim in this case of a relationship of master and servant or any other form of agency, and no right or liability growing out of the relationship of parent and child is involved.

If the father is liable, it is because his negligence proximately contributed to cause the injury, and not because he is secondarily liable for his son's acts; if the father were compelled by suit to pay for the injury, he could not recover from the son.

The negligence of the father was not a mere omission or failure to discharge a duty; his was an active negligence—the entrustment of his automobile to be driven on the public streets by a known incompetent driver in violation of law.

The son's negligence was also active, and therefore the acts of the father and son were not mere concurrent and related torts; it may properly be said that they acted in concert in the execution of the common purpose of operating an automobile on the public streets by a driver who was made incompetent by law to so operate said automobile, and therefore their liability is both joint and several, but does not differ in degree or nature.

In a case not involving joint liability, but a case in which the court determined the liability of a father who entrusted his automobile to his son, an incompetent driver, under circumstances similar to the instant case, it is stated in the third paragraph of the syllabus as follows:

"3. In such case the liability of the owner would not rest upon ownership or agency, but upon the combined negligence of the owner and the driver; negligence of the father in intrusting the machine to an incompetent driver, and negligence of the son in its operation."

**Elliott v Harding, 107 Oh St 501.**

"The weight of authority will, we think, support the more general proposition, that, where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty. common design or concert action."

1 Cooley on Torts (3d Ed.), p. 247.

After a careful consideration of the cases dealing with the subject of joint liability, we can find no logical or satisfactory reason for holding that the father and son cannot be sued jointly under the circumstances disclosed by the petition in the instant case.

Our conclusion being in conflict with **Harmon v Justice, 12 Abs 474,** decided by another Court of Appeals, this case will be certified to the Supreme Court for final determination.

DOYLE, J. & STEVENS, J., concur.