**HARTNETT et v GRAND INTERNATIONAL BROTHERHOOD OF LOCOMOTIVE ENGINEERS et**

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17346. Decided Dec. 4, 1939

Charles Wachner, Esq., Cleveland; F. C. Bell, Esq.; H. Gillis, Esq., Clevealnd, for plaintiffs-appellants.

Ray T. Miller, Esq., Cleveland; Horn, Weisell, McLaughlin & Lybarger, Cleveland; P. Jerome Pasch, Esq., Cleveland, for defendants-appellants.

## OPINION

### BY THE COURT:

The Courts of Common Pleas of this State, are courts of general law and equity jurisdiction clothed with full power as a court of first instance to afford all the relief to which the facts entitle a litigant who has properly and seasonably appealed to it without regard to the prayer for specific relief to which such litigant believes he is entitled. And when the parties are in court and that power is invoked, the duty of exerting its jurisdiction to accord the relief in conformity to the pleaded facts rests upon it. This always was the rule in courts of chancery and the consolidation of forms of action into a simple action, and conferring both law and equity jurisdiction upon a single court has broadened rather than narrowed the rule. This is fundamental under our code of civil procedure. Therefore, in determining whether an amendment is a departure from and a change of the cause of action or complaint first stated, all forms adopted and theories entertained by the pleader must be laid aside. They are discarded technicalities likely to cause a court to overlook the substance of things which is the only thing of real importance.

We examine what was done by the trial court in the light of this fundamental conception.

We find that the plaintiffs did not and do not assert a primary right inhering in them. They assert a right which should have been asserted by The Brotherhood Holding Company of which they are stockholders. The cause of action belongs to the corporation. They are asserting it for and on behalf of the corporation and are permitted to do it under equitabl principles upon default of those having the power and charged with the duty of asserting the right of the corporation.

If the averments of the petition are true, (and we must assume they are for the purposes of this appeal) the of-

ficers of The Brotherhood Holding Company violated their duty to it from the beginning and, finally used the processes of the Court to effect a colorable extinction of the liability of the International Brotherhood of Engineers upon a guaranty running in favor of The Brotherhood Holding Company, through the device of a judicial sale of the guaranty contract to the guarantor. It was relief against the defendants because of the failure of the officers of The Brotherhood Holding Company to its damage and to the advantage of The International Brotherhood of Engineers that was sought by the plaintiffs on behalf of The Brotherhood Holding Company.

It is true that the plaintiffs prayed specifically that the judgment and order of sale, through which the defendants sought to accomplish the damage and advantage, be set aside and held for naught but there was the added prayer that they be granted such further relief as may be just and equitable.

It is also true that a Court of equity has no power to set aside, reverse or dissolve a judgment or order of a Court of law. It is equally true that in this case no Court in Ohio, in the exercise of statutory or common law jurisdiction could set this judgment and order aside, for the reason that the statutory period of limitation for so doing had expired. These limitations upon the extent of the relief that could be granted, furnish no basis for the refusal of the Court to afford the relief within its power and appropriate to remedy the wrong pleaded. Inability to grant relief under §11631, GC, because of lapse of time, does not deprive the Court of all or any of its power to grant relief under its general law and equity jurisdiction.

The facts pleaded in the petition, if true, show a violation of the rights of The Brotherhood Holding Company, or at least an attempt to show such violation. The cause of action stated, or attempted to be stated, is equitable in its nature. The remedial right, if the cause is sufficiently pleaded, undoubtedly is to have from the defendants money equivalent, but in the determination of that equivalent, equitable remedies of accounting and discovery must be resorted to.

We see no reason why the Court should withhold these equitable remedies from the plaintiffs, if they plead and prove facts entitling them to them. The fact that the statutory action to set aside the judgment and order of sale is barred is no sufficient reason.

What then is the situation in this Court? We have an attempt to appeal to this Court from an order of the Common Pleas Court, granting the plaintiffs leave to file an amended petition. Assuming (as we have found) that the petition stated, or attempted to state, a cause of action in a category entitling the plaintiffs to relief within the jurisdiction of the Court, it certainly was within the jurisdiction of the Court to permit the plaintiffs to correct or elaborate the averments of the wrong in an amended petition, limited only by the rule that there should not be a substantial change in the allegations of facts constituting the cause of action.

We find no such change in the amended petition.

Having arrived at this conclusion, it it clear that the order appealed from is not a final order or judgment and as this Court, under the Constitution, has jurisdiction to review judgments and nothing else, it is clear that this appeal should be dismissed.

In reaching this conclusion, we have found it unnecessary to do more than examine the petition and the amended petition to determine whether the allegations outline a type of case coming within the jurisdiction of the Court and whether the two pleadings are predicated upon the same events and transaction.

From the examination, having reached the conclusion that the order appealed from is not a final order or judgment, this Court has no jurisdiction to express any opinion on the

sufficiency of the pleading as upon demurrer thereto. This opinion therefore, contains no intimation one way or the other on that subject.

An order may be presented dismissing this appeal for lack of jurisdiction to entertain it.

HAMILTON, PJ., MATTHEWS, & ROSS, JJ., concur.