## HAMILTON, ESTATE OF, In re

Ohio Appeals, 3rd Dist, Marion Co.

No. 912. Decided June 27, 1940

Carhart & Carhart, Marion, for appellant.

Harder & Mickley, Marion; B. C. Moloney, Marion, for appellees.

### OPINION

By GUERNSEY, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Marion county dismissing an appeal on questions of law and fact from the Probate Court to the Common Pleas Court of Marion County, the order appealed from being an order overruling the demurrer of the ancillary administrator of the estate of Samuel S. Hamilton, deceased, to an application made by one Frances H. Byers to remove said administrator.

It has been uniformly held by the courts of this state that an order overruling a demurrer does not constitute a final order. **Holbrook v Connelly, 6 Oh St 200. Hart v Murray, 3 O. C. C. 431. Ryan v Kroger Grocery, 56 Oh Ap 469, 475, 476. _2 O. Jur. 137. The Federal Pipe & Supply Company v Dolby, 59 Oh Ap 143.**

Whether the order of the Probate Court not final in character from which the appeal on questions of law and fact was attempted to be taken to the Common Pleas Court in the instant case was an order from which such an appeal might be taken is to be determined from the provisions of §12223-3 and 10601-56, GC, as amended March 25, 1939, effective June 25, 1939.

As originally enacted, §12223-3 GC provided:

"Every final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided, unless otherwise provided by law, except that appeals from judgments of probate courts and of justices of the peace upon questions of law and fact shall be taken in the manner now provided for in §§10501-56 to 10501-61 GC, inclusive, and §§10382 to 10398, inclusive, respectively."

The amendment of §12223-3, above referred to, had the effect of eliminating from the exception clause contained in the latter part of the section, the phrase "of probate courts", "§§10501-56 to 10501-61, inclusive", and the word "respectively" appearing at the end of the clause, and comprehended the elimination of appeals on questions of law and fact from the judgments of probate courts from the exception.

Sec. 10501-56 GC, as originally enacted, provided that: "an appeal may be taken to the common pleas court, by a person against whom it is made, or whom it affects, from any order, decision, or judgment of the probate court in settling the accounts of an execu-

416

tor, administrator, guardian and trustee, or of assignees, trustees or commissioners of insolvents"; and further provided for appeals of the character mentioned from other specified orders in other specified actions or proceedings in probate court.

As amended, as above mentioned, this section applies generally to appeals on questions of law and appeals on questions of law and fact from probate courts. As to appeals on questions of law, it provides: "From any final order, judgment or decree of the probate court, an appeal may be prosecuted to the court of appeals in the manner provided by law for the prosecution of such appeals from the common pleas court to the court of appeals". As to appeals on questions of law and fact from the probate court to the common pleas court, which is an appeal of the character which the appeal in the instant case purports to be, it provides: "If for any reason a record has not been taken at the hearing of any matter before the probate court so that a bill of exceptions or a complete record may be prepared as provided by law in courts of common pleas then an appeal on questions of law and fact may be taken to the court of common pleas by a person against whom it is made,. or whom it affects, from any order, decision or judgment, of the probate court in the manner provided by law for the prosecution of such appeal from the court of common pleas to the court of appeals. The court of common pleas shall advance said matter for hearing".

"It is an old and familiar rule, which is closely related to the doctrine of ajusdem generis, and to the rule that where an act contains special provisions they must be read as exceptions to a general provision in a separate earlier or subsequent act, that where there is in the same statute a particular enactment, and also a general one which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within the general language as are not within the provisions of the particular enactment." 25 R. C. L. 1010.

Sec. 12223-3 GC, as amended, contains general provisions relating to appeals of every character, while §10501-56 GC, as amended, contains special provisions relating to appeals from probate court, so under the rule above mentioned the particular provisions of §10501-56 GC, as amended, must be operative as to appeals from Probate Court, and the general provisions of §12223-3 GC, as amended, must be taken to affect only such cases within its general language as are not within the provisions of §10501-56 GC, as amended.

The question as to whether an appeal lies from the order of the Probate Court attempted to be appealed from in the instant case is therefore to be determined from the provisions of §10-501-56 GC, as amended.

It will be noted that in the last quoted clause of §10501-56 GC as amended, the order, decision or judgment from which it prescribes an appeal may be taken on questions of law and fact to the Common Pleas Court is not designated as a final order, decision or judgment.

At common law, a writ of error will lie only to a final judgment or an award in the nature of a final judgment, and the statutes generally provide that, except as otherwise provided, appeals, writs of error, exceptions, and so forth, may be taken only from or to final judgments, orders or decrees. It is the general rule therefore that an appeal, writ of error, exception, or other proceeding will not lie from or to an interlocutory decision unless it is expressly permitted by statute or constitutional provisions. 4 C. J. S. 180.

It must be presumed that the words "order, decision or judgment" as used in the last quoted clause of §10501-56 GC, as amended, in connection with the subject matter of appeal are used in their usual and ordinary sense in connection with the subject matter, and, it not being expressly otherwise provided,

comprehend only such orders, decisions and judgments as are final in their nature. This interpretation of these words as used is in accord with the long established practice in Ohio under which only orders final in their nature are reviewable, and it must be presumed that if the legislature had intended to change this practice and make interlocutory orders the subject of review it would have unequivocally so stated.

For the reasons mentioned the clause of §10501-56 GC, as amended, hereinbefore quoted, comprehends only appeals from orders, decisions and judgments of Probate Court which █ are final in their nature, and as the order in the instant case was not a final order an appeal did not lie from it.

Furthermore, the order of the Probate Court appealed from involved only a question of law determinable from the original papers and the docket and journal entries of the Probate Court in the proceeding.

The last quoted clause of §10501-56 GC, as amended, permits appeals on questions of law and fact from the Probate Court to the Common █ mon Pleas Court under the circumstances therein specified, only where the order from which the appeal is attempted to be taken is determinative of a question of fact, any error in which determination is demonstrable only by a complete record and/or a bill of exceptions of the hearing at which the order was made.

As the order of the Probate Court appealed from does not involve the determination of a question of fact, it does not come within the purview of the clause mentioned and consequently no appeal on questions of █ law and fact lies from it, and the appeal cannot stand as an appeal on questions of law for the reason that there is no statutory provision permitting appeals on questions of law, as distinguished from questions of law and fact, from the Probate Court to the Common Pleas Court.

For the reasons mentioned, the Common Pleas Court did not have jurisdiction to review the order appealed from and properly dismissed the appeal for want of jurisdiction, and its judgment dismissing the appeal will therefore be affirmed at costs of appellant.

KLINKER, J., concurs.

CROW, PJ. The judgment of the Common Pleas Court affirming the judgment of the Probate Court is, in my opinion, correct for the following reason: The so-called demurrer to the application for removal, whatever the demurrer may have been in legal effect, could not possibly have raised an issue of fact which is always necessary to an appeal on questions of law and fact; and whether an appeal will lie from the Probate Court to the Common Pleas Court from an order other than a final one (which point need not, and therefore should not be decided), there is no language whatsoever in §10501-56 GC, conferring the right of appeal on questions of law from the Probate Court to the Common Pleas Court.