**SELLERS v PALUMBO**

Ohio Appeals, 2nd Dist, Franklin Co

No 3317. Decided Jan 25, 1941

C. E. Smith, Columbus, and Russ Bothwell, for plaintiff-appellant.

Dombey & Austin, Columbus, for defendant-appellee.

## OPINION

BY THE COURT:

The above entitled cause is now being determined on defendant-appellee's motion to dismiss plaintiff-appellant's appeal.

The basis for the motion is that plaintiff-appellant's appeal from the judgment of the Court of Common Pleas is not a final order. We have no difficulty in arriving at a conclusion that defendant-appellee's motion is well taken, and plaintiff-appellant's attempted appeal should be dismissed.

The following brief summary will render understandable the nature of the controversy.

Plaintiff's petition sought damages for personal injuries arising through the claimed negligence of the operator of one of defendant's cabs, bringing about a collision with an automobile in which plaintiff was riding as a guest passenger.

The petition set out, among other things, provisions of what was claimed to be certain enacted ordinances of the City of Columbus and attached as an exhibit one complete ordinance. Defendant interposed motion asking, under subdivision 1; 2, and 3, that particular allegations relative to certain ordinances and the Exhibit "A" be stricken. At the hearing the court sustained the motion in all its parts. This order of the court was duly journalized and is the order from which plaintiff attempts to appeal.

The rule is well recognized that the sustaining of motions and demurrers are not final orders.

The pleader may elect to stand on his pleadings without making amendments, and in instances where the trial court is of the opinion that the pleading does not constitute a cause of action, or a defense, will then either dismiss plaintiff's petition or enter judgment on the petition by reason of the insufficiency of the answer.

When this action is taken there then is presented a final order. A reviewing court will not only pass on the question of the correctness of the trial court's action on motions or demurrers, but also as to the judgment which is dispositive of the case. No such proceedings is had in the instant case. The petition is still pending, and we can see no reason why plaintiff would consent to the dismissal of his action by reason of the court's ruling on the motions. The following cases are pertinent and determinative:

Cahill v Fidelity & Casualty Company, 37 Oh Ap 444;

State ex Erman v Gilman, Director of Public Utilities of Cincinnati, et, 126 Oh St 379;

Equitable Securities Company v McDonald, et, 14 Oh Ap 56;

Hartnett et v Grand International Brotherhood of Locomotive Engineers, et, 30 Abs 642;

National Guaranty & Finance Company v Russell, 25 Oh Ap 483.

Ryan v Kroger Company, 56 Oh Ap 469.

Plaintiff-appellant's appeal will be dismissed, and cause remanded for further proceedings according to law.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.