CASSIDY, APPELLANT, *v.* THE OHIO PUBLIC SERVICE CO.,
APPELLEE.

(No. 578—Decided October 11, 1943.)

*Messrs. Orgill, Maschke, Wickham, Duffy & Loux*
and *Messrs. Murray & Murray,* for appellant.

*Messrs. Flynn, Frohman, Buckingham, Py & Kruse,*
for appellee.

LLOYD, J.    The plaintiff, Cassidy, commenced an action in the Court of Common Pleas on July 7, 1941, for personal injuries alleged to have been proximately caused by negligence of the defendant, The Ohio Public Service Company.    He filed an amended petition on October 1, 1941, to which the defendant filed a motion to strike therefrom certain specified portions, which was granted.    Thereupon, on October 5, 1942, the plaintiff filed a second amended petition, to which a motion to strike certain allegations therefrom and to make it definite and certain in certain specified particulars was filed by the defendant.    This motion was partially granted.    The journal entry of the court recording the order made with respect thereto recites, in addition to the granting of the motion, that "the court having been advised by the plaintiff that he refuses to abide by the order of this court in relation to

filing a third amended petition complying with the sustaining of defendant's specifications number 3, 4 and 5 of the motion to strike, for the reason that said plaintiff intends to appeal the rulings of this court in relation to said specifications number 3, 4 and 5, it is therefore ordered, adjudged and decreed that plaintiff's petition be dismissed.''

From this order and judgment, the plaintiff appeals to this court on questions of law.

There could, of course, be no appeal from the order granting the motion, because such an order alone would not be a final order. The appeal here, therefore, is from the judgment dismissing the second amended petition of the plaintiff.

From the entry it appears that the court ordered the plaintiff to file a third amended petition, which he refused to do—hence this appeal. Had the court not ordered the filing of a third amended petition, and the second amended petition, without the stricken portions thereof, stated a cause of action, the plaintiff might have proceeded to trial on the second amended petition and the trial judge in stating the issues in his charge to the jury would omit, of course, the fact statements contained in the stricken portions of the petition and any statements therein ordered by the court to be made definite and certain. If the trial resulted in an adverse verdict and judgment, the plaintiff, if his objections and exceptions to the ruling on the motion were preserved, could, on appeal, assign them with whatever other errors he might claim; and in complying with the order of the court as to filing a third amended petition, he likewise could preserve the claimed error committed in the granting of the motion. The trial court evidently was of the opinion that clarity of expression and a more easily understood statement of the issues when the action was tried, demanded, for the convenience of the trial judge, the filing of a third amend-

ed petition omitting therefrom the objectionable allegations in the second amended petition. The penalty for not complying with this discretionary order of the court was the dismissal of the petition. This the trial court did, and its judgment is affirmed.

*Judgment affirmed.*

CARPENTER and STUART, JJ., concur.