DRAYER, AGENT ON BEHALF OF CENTRAL OHIO ANGLERS' & HUNTERS' CLUB OF COLUMBUS, OHIO, APPELLANT, *v.* WILLIAMS, D. B. A. KING-STARR-CARRY-OUT & SPORTING GOODS, APPELLEE.

(No. 5566—Decided April 30, 1957.)

*Mr. Henry J. Linton,* for appellant.
*Mr. John C. Fontana,* for appellee.

BRYANT, J. This matter comes on for consideration on the motion of defendant, appellee herein, to dismiss the appeal for the reason that the order from which appellant has attempted to appeal to this court is not a final order.

It appears from the record that plaintiff, appellant herein, filed his petition in the Columbus Municipal Court praying for a money judgment and punitive damages. Thereafter, defendant filed his motion to strike certain language from the petition, which motion on May 3, 1956, was sustained in part as to the first branch and entirely as to the other two branches. A motion for reconsideration was filed, and said motion, on August

3, 1956, was overruled. Plaintiff, on August 16, 1956, filed his notice of appeal, appealing directly to this court.

The sole question, therefore, for determination at this time is whether the appeal in this case is from a final order of the court below. Section 2505.02, Revised Code, relating to appellate proceedings, provides, in part, as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

The rule appears to be that orders overruling or sustaining motions directed to the pleadings are not final orders unless they are accompanied by a dismissal and termination of the proceedings in the trial court. The party losing by the ruling of the court has the option of either abiding by the ruling and saving his exception or standing upon his pleadings and permitting a dismissal of the action. It is in the latter case, where there is a dismissal of the action, usually at the cost of the losing party, that there is a final order from which an appeal may be taken, and not otherwise.

The question is discussed in 2 Ohio Jurisprudence (2d), 614, Appellate Review, Sections 44 and 45, which read in part as follows:

"Section 44. There are numerous motions which may be directed to pleadings, such as motions to make definite and certain, to state and number separately, to strike certain allegations from a pleading, to strike a pleading from the files, etc. In so far as the cases warrant any generalization, it may be deduced that ordinarily an order overruling or sustaining such motions is merely interlocutory and not final, and will not form the predicate for an appeal on questions of law. If, however, the party who loses on the motion refuses to plead further, and permits an entry of judgment of dismissal or the equivalent, carrying costs, to be entered against him, the order becomes a final order."

"Section 45. As a general rule the sustaining or overrul-

ing of a motion directed to pleadings, which does not have the effect of a judgment of dismissal or the equivalent upon the losing party, and which actually leaves the case still pending in the trial court, has been held to be interlocutory and not final, and not to form the basis for appeal on law questions. Among other instances, such result has obtained in the case of a mere ruling or order, without more, on a motion to make definite and certain; the sustaining of a motion to strike certain allegations and a certain exhibit from a petition, where the plaintiff did not elect to stand on his pleading * * *."

In the case of *Holbrook, Admr.,* v. *Connelly,* 6 Ohio St., 199, there were rulings on a demurrer and a motion to strike and, while the case was still pending and before final judgment, defendant appealed. The appeal was dismissed, the court holding that there was no final order.

In the case of *State, ex rel. Erman,* v. *Gilman, Dir.,* 126 Ohio St., 379, 186 N. E., 4, the striking of an amended petition from the files was held not to be a final order or judgment.

In the case of *Grimm* v. *Modest,* 135 Ohio St., 275, 277, 20 N. E. (2d), 527, Weygandt, C. J., said:

"The plaintiffs had the right to elect to rely upon their original petition and have judgment entered against them in order to ask the reviewing courts to determine at once whether the trial court was correct in striking out a substantial part of their claim."

The rule that the appeal lies from the dismissal of the proceedings, usually at the cost of the losing party and not simply from the decision upon the motion to strike, is well stated in *Cassidy* v. *Ohio Public Service Co.,* 74 Ohio App., 355, 58 N. E. (2d), 802. In that case, there was a motion to strike allegations from the second amended petition, which motion was partially granted, and, the plaintiff having elected to adhere to his petition, the petition was dismissed. Lloyd, J., at page 356, said of the granting of the motion to strike, as follows:

"There could, of course, be no appeal from the order granting the motion, because such an order alone would not be a final order. The appeal here, therefore, is from the judgment dismissing the second amended petition of the plaintiff."

The notice of appeal in the instant case is as follows:

"Now comes the above named plaintiff, Benj. R. Drayer, as agent, on behalf of Central Ohio Anglers' & Hunters' Club of Columbus, Ohio, appellant herein, and not desiring to plead further, hereby gives notice of appeal to the Court of Appeals from the judgment and order rendered by the Municipal Court on its half sheet May 8, 1956, and from the order overruling appellant's motion for reconsideration of judgment sustaining defendant's motion to strike, filed May 14, 1956, which order was entered on the court's half sheet on August 3, 1956.

"This appeal is on questions of law."

We have carefully examined the transcript from the civil docket of the Municipal Court and are unable to find any order or judgment dismissing plaintiff's petition or otherwise terminating the case. Notice of appeal mentions the judgment and order dated May 8, 1956, which provides as follows:

"Motion to strike branch No. 1 as to 'unlawfully' sustained. As to branches No. 2 and No. 3, sustained."

It refers also to the judgment of the Municipal Court on the motion for reconsideration, entered on August 3, 1956, which is as follows:

"Motion for reconsideration overruled."

It, therefore, follows that the orders appealed from are not final orders and the motion to dismiss must be and hereby is sustained and the cause remanded to the court below.

*Appeal dismissed.*

PETREE, P. J., and MILLER, J., concur.

(Decided May 17, 1957.)

ON APPLICATION for rehearing.

BRYANT, J. This matter comes on for consideration upon a motion for rehearing filed by Benj. R. Drayer, as agent, on behalf of Central Ohio Anglers' & Hunters' Club of Columbus, Ohio, appellant herein. Drayer seeks reconsideration of the decision by this court handed down April 30, 1957, in which this court sustained a motion of Samuel A. Williams, d. b. a.

King-Starr-Carry-Out & Sporting Goods, appellee herein, to dismiss the appeal for the reason that the order appealed from was not a final order.

Drayer, in his petition in the court below, prayed for a money judgment against Williams in the amount of $362.25, with interest, and also that he be awarded punitive damages and costs. On motion by Williams in the court below, the portion of the prayer relating to punitive damages was stricken from the prayer of the petition. Drayer, in a memorandum filed in support of his motion for rehearing, asks this court to determine whether the money (alleged to have arisen from the sale of hunting and fishing licenses) is public money, and, further, whether the failure of defendant to pay over or account for such money is embezzlement and hence criminal.

Drayer directs attention to that portion of his brief relating to the first assignment of error, which we again have read with care.

As we understand the decisions, several of which were cited in the opinion of April 30, 1957, in a case such as this, the order appealed from must have such finality that it cannot be said that the matter is pending and active in the court below when the appeal is taken. Our decision did not say that an appeal was not possible in a case such as this. It did say that in the state of the record as it now exists there was no final order from which an appeal could be taken. If plaintiff felt that the order of the court below was erroneous and also material to such a degree as substantially to defeat his recovery, he could elect to stand upon his pleading, whereupon the court below would have no choice but to dismiss the cause of action.

There was no entry of dismissal of record in this case. The original decision must be adhered to and the motion for rehearing is, therefore, overruled.

*Motion overruled.*

PETREE, P. J., and MILLER, J., concur.