MALONEY, EXRX., APPELLANT, *v.* DAYTON OSTEOPATHIC HOSPITAL, A. K. A. GRANDVIEW HOSPITAL, ET AL., APPELLEES.

(No. 2542—Decided July 30, 1959.)

*Messrs. Tracy & Tracy* and *Mr. James C. Baggott,* for appellant.

*Messrs. Curtner, Brenton & Selva,* for appellees.

CRAWFORD, J. This case is before us upon a motion of the defendants, appellees herein, to dismiss the appeal.

Plaintiff, appellant herein, has appealed on questions of law from an order of the Court of Common Pleas sustaining a motion to strike certain portions of the petition and from an order of that court overruling a motion of plaintiff to modify a former order granting defendants leave to file the motion to strike after answer day when defendant was already in default.

No judgment has been entered and no order made other than those appealed from.

The present motion of defendant to dismiss the appeal is based upon the contention that there is no final order which may be appealed within the provisions of Section 2505.02, Revised Code.

"'* * * ordinarily an order overruling or sustaining such motions is merely interlocutory and not final, and will not form the predicate for an appeal on questions of law." 2 Ohio Jurisprudence (2d), 614, Appellate Review, Section 44.

"As a general rule the sustaining or overruling of a motion directed to pleadings, which does not have the effect of a judgment of dismissal or the equivalent upon the losing party, and which actually leaves the case still pending in the trial court, has been held to be interlocutory and not final, and not to form the basis for appeal on law questions." 2 Ohio Jurisprudence (2d), 614, Appellate Review, Section 45.

Numerous decisions, including several in this court, support the text quoted. *State, ex rel. Erman,* v. *Gilman,* 126 Ohio St., 379, 186 N. E., 4; *Ryan* v. *Kroger Grocery & Baking Co.,* 56 Ohio App., 469, 11 N. E. (2d), 204 (containing a definition of a final

order); *Equitable Securities Co.* v. *McDonald,* 14 Ohio App., 56; *Mullett* v. *DeRubertis,* 54 Ohio Law Abs., 592, 88 N. E. (2d), 577; *Sellers* v. *Palumbo,* 33 Ohio Law Abs., 655, 36 N. E. (2d), 34; *National Guarantee & Finance Co.* v. *Russell,* 25 Ohio Law Abs., 483 (involving a demurrer).

Clearly the order granting leave to file the motion after answer day is also interlocutory and not final.

If the party against whom the ruling is made amends the pleading he waives the right to claim error in such ruling, inasmuch as the amended pleading supersedes the original. *Grimm* v. *Modest,* 135 Ohio St., 275, 20 N. E. (2d), 527; *Bingham* v. *Nypano Rd. Co.,* 112 Ohio St., 115, 119, 147 N. E., 1; *Sterling* v. *Hanley Motor Sales, Inc.,* 87 Ohio App., 362, 95 N. E., (2d), 273; *Starr, Admx.,* v. *Gebhart, Admr.,* 71 Ohio Law Abs., 33, 130 N. E. (2d), 358; *Herzig* v. *Hunkin Conkey Construction Co.,* 60 Ohio Law Abs., 313, 101 N. E. (2d), 255. See *Davies* v. *Columbia Gas & Electric Corp.,* 51 Ohio Law Abs., 372, 79 N. E. (2d), 327.

The pleader may choose whether he will stand upon his original pleading or will waive the claimed error by amending.

"2. When a substantial part of a plaintiff's claim has been stricken from his petition he may elect to rely upon such petition and, upon dismissal of his cause by the court for refusal to amend, may have a review to determine the correctness of the trial court's action." *Grimm* v. *Modest, supra* (135 Ohio St., 275).

It should be observed that a judgment will not generally be reversed for the rulings of the trial court upon such motions unless there has been an abuse of discretion incorrectly and adversely affecting substantial rights. 3 Ohio Jurisprudence (2d), 719, Appellate Review, Section 749. We find no abuse of discretion.

Both orders of court appealed from being interlocutory and not final, the motion to dismiss the appeal will be, and hereby is, sustained.

*Motion sustained.*

WISEMAN, P. J., and KERNS, J., concur.