CROW, APPELLANT, *v.* FAULKNER ET AL., APPELLEES.

(No. 7241—Decided February 26, 1963.)

*Mr. J. Harvey Crow, in propria persona.*

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Messrs. Vorys, Sater, Seymour & Pease, Mr. Byron E. Ford* and *Messrs. Lane, Huggard & Alton,* for appellees.

*Per Curiam.* This matter is on to be considered upon the motion of the defendants, appellees herein, to dismiss the appeal for the reason that the order appealed from is not a final order.

The record shows that on November 2, 1959, the trial court sustained a demurrer to the petition of the plaintiff on the grounds that the action was not brought within the statutory period and that the petition did not state a cause of action. The order also gave the plaintiff two weeks within which to amend. An amended petition was filed on November 16, 1959, to which defendants addressed a motion to make definite and certain on November 28, 1959.

On December 10, 1962, the order of the trial court shows that the motion of the defendants to make definite and certain was passed and that the court on its own motion ordered the amended petition of the plaintiff stricken from the files. Again the plaintiff was granted leave to amend his petition. It is from this order that the plaintiff appeals.

*Grimm* v. *Modest* (1939), 135 Ohio St., 275, sets out the rule to be followed in situations such as is presented here. The second paragraph of the syllabus reads as follows:

"When a substantial part of a plaintiff's claim has been stricken from his petition he may elect to rely upon such petition and, upon dismissal of his cause by the court for refusal to amend, may have a review to determine the correctness of the trial court's action."

Two necessary conditions must exist to support the appeal in cases such as this one. The rule in the *Grimm case* suggests them. After the sustaining of the motion, adverse to the plaintiff, "he may elect to rely upon such petition and, upon dismissal of his cause by the court for refusal to amend," he may then appeal.

There are available a number of examples of the application of the rule. In *Sterling* v. *Hanley Motor Sales, Inc.* (1950), 87 Ohio App., 362, a demurrer was sustained to a second amended petition and the plaintiff not desiring to plead again, "his

338

amended petition was dismissed and judgment for the defendant was entered.'' (Page 365.) The Court of Appeals held that plaintiff waived the errors claimed as to the trial court's rulings on the petition when he filed his amended petition.

In *Maloney, Exrx.,* v. *Dayton Osteopathic Hosipital* (1959), 110 Ohio App., 245, the court found only an order sustaining a motion to strike which was held to be interlocutory and not a final order. The appeal was dismissed, no judgment having been entered and no order made other than the ruling on the motion to strike.

A succinct statement of the necessary steps to support an appeal appears in the opinion in *Wery* v. *Seff* (1939), 31 Ohio Law Abs., 687, by the Court of Appeals for Summit County. Reviewing the procedural steps taken the court, at page 687, says:

''* * * Plaintiff, however, advised the court that he did not desire to further plead; whereupon, the court dismissed his petition. * * *''

This court followed the established rule in *Drayer* v. *Williams* (1957), 104 Ohio App., 88. At page 89, the language of the court is as follows:

''The rule appears to be that orders overruling or sustaining motions directed to the pleadings are not final orders unless they are accompanied by a dismissal and termination of the proceedings in the trial court. * * *''

An examination of the record in the instant case does not reveal any order dismissing the case, any entry of judgment, or any other order terminating the case. Neither is there anything to indicate that plaintiff did not elect to plead further. The order appealed from is, therefore, not a final order, and the motion to dismiss is hereby sustained and the cause remanded to the court below.

*Motion sustained.*

DUFFY, P. J., DUFFEY and TROOP, JJ., concur.