NORVELL ET AL., APPELLANTS, *v.* CUYAHOGA COUNTY HOSPITAL ET AL., APPELLEES.

(No. 45873—Decided October 11, 1983.)

Mr. Jonathan N. Garver, for appellants Stephanie and Keith Norvell.

Mr. Marshall I. Nurenberg and Mr. Cyril J. McIlhargie, for appellees St. Luke's Radiologists, Inc. and E. L. Friedley.

Mr. John T. Corrigan, prosecuting attorney, Mr. Richard A. Hoenigman and Mr. Patrick J. Murphy, for appellees Cuyahoga County Hospital and Arthur S. Tucker.

MARKUS, J. A minor child and her parents seek damages allegedly caused by negligence of the defendant hospitals and physicians in providing medical care for that child. Before trial, the court struck the parents' claims for the loss of their child's "love, affection, comfort, companionship, and society." Pursuant to Civ. R. 54(B), the court decreed that there was no just reason for delay in entering judgment on that order.

The parents appeal, arguing that those claimed losses are compensable and that a contrary rule denies them constitutionally guaranteed equal protection. The ruling which strikes this part of the father's claim is a nonappealable order, despite the Civ. R. 54(B) certification. Other aspects of his claim remain unresolved. Therefore, we dismiss his appeal.

By contrast, the ruling disposes of the mother's claim in its entirety, so it is appealable with the Civ. R. 54(B) certification. We hold that her claimed losses are legally compensable. Consequently, we reverse the judgment dismissing her claim.

I

This court lacks jurisdiction to consider appeals from nonfinal orders. Section 3, Article IV, Ohio Constitution. A final order "determines the action and prevents a judgment." R.C. 2505.02. It disposes of at least one full claim by one party against another. An order which strikes less than all damage allegations for a single cause of action does not conclude that claim. Cf. *Drayer* v. *Williams* (1957), 104 Ohio App. 88 [4 O.O.2d 168]; *Maloney* v. *Dayton Osteopathic Hospital* (1959), 110 Ohio App. 245 [13 O.O.2d 21].

An order which decides less than all

claims between all parties in a single lawsuit concludes nothing, absent a "no just reason for delay" certification. Civ. R. 54(B). Thus, an order is final and appealable only if: (a) it resolves all claims between all parties, or (B) it resolves at least one full cause of action in a multiple claim case with an express certification pursuant to Civ. R. 54(B).

An order which fails to conclude an entire cause of action is nonfinal and nonappealable, despite the court's certification in Civ. R. 54(B) language. *William J. Ware Plumbing & Heating Co.* v. *United States Fid. & Guar. Co.* (Jan. 17, 1980), Cuyahoga App. No. 39937, unreported; *T.R. Barth & Assoc.* v. *Marginal Enterprises, Inc.* (1976), 48 Ohio App. 2d 218 [2 O.O.3d 182]; *Douthitt* v. *Garrison* (1981), 3 Ohio App. 3d 254, at 255.

The father's claim seeks damages for his child's medical expenses, as well as the challenged loss of "love, affection, comfort, companionship, and society." When the court struck the challenged damage claims, it did not conclude his claim for losses caused by defendants' allegedly negligent care of his child. Therefore, the ruling on that part of the father's alleged damages was nonfinal and nonappealable.

The mother made no claim for damages beyond those same challenged losses. Hence, the order striking those allegations terminated her entire claim. With the Civ. R. 54(B) certification, the order concluding her claim became final and appealable. Cf. *Douthitt* v. *Garrison, supra.*

The appeal by Keith Norvell, the child's father, is dismissed for lack of jurisdiction.

## II

The court ordered the following language stricken from plaintiffs' amended complaint:

"49. As a direct and proximate result of the negligence of the defendants — the plaintiff Stephanie Norvell [mother] was deprived of the love, affection, companionship, and society of her daughter, Natara."

In so ruling, the court accepted defense counsel's contention that any such losses are not compensable under Ohio law. The mother's first assigned error disputes that ruling.

The parties each cite decisions from other jurisdictions and language from various Ohio cases to support their respective decisions. None of the cited cases is directly controlling here. When a minor child suffers injury from a tortfeasor's negligence, Ohio law establishes the parents' derivative action for the child's medical expenses. *Grindell* v. *Huber* (1971), 28 Ohio St. 2d 71 [57 O.O.2d 259], paragraph one of the syllabus; *Whitehead* v. *Gen. Tel. Co.* (1969), 20 Ohio St. 2d 108 [49 O.O.2d 435], paragraph three of the syllabus. That derivative action also permits recovery by the parents for the loss of their child's "services." *Id.*

The key issue presented by this appeal is whether some or all of the claimed damages are encompassed by the parent's loss of service claim. Ohio courts have rejected claims by children for the loss of parental "love and affection" in their actions for alienation of affections. *Kane* v. *Quigley* (1964), 1 Ohio St. 2d 1 [30 O.O.2d 1]; *Gleitz* v. *Gleitz* (1951), 88 Ohio App. 337 [45 O.O. 140]. However, those decisions concentrate on the denial of that substantive cause of action, rather than the propriety of specific damage components.

Before the 1982 amendment, the Ohio Wrongful Death Act did not allow recovery for loss of a deceased child's "society, comfort and companionship." *Keaton* v. *Ribbeck* (1979), 58 Ohio St. 2d 443 [12 O.O.3d 375]. However, the court based that decision on its interpretation of statutory language limiting recovery to "pecuniary injury." *Id.*

Civ. R. 19.1(A) mandates joinder of any personal injury claim and the spouse's claim for "loss of services" or the parents' claim for "loss of services."

When the Civil Rules were adopted in 1970, they did not affect substantive rights. Section 5, Article IV, Ohio Constitution; *Boyer* v. *Boyer* (1976), 46 Ohio St. 2d 83 [75 O.O.2d 156]; cf. *State* v. *Waller* (1976), 47 Ohio St. 2d 52 [1 O.O.3d 32] (same principle for Criminal Rules). Nevertheless, the use of identical language for parental and spousal derivative claims strongly suggests that the claims are similar. When the Supreme Court proposed this rule and the legislature chose not to veto it, they seemingly recognized that similarity.

The Supreme Court has used the term "loss of consortium" to describe the compensable damage in a spouse's derivative action. *Clouston* v. *Remlinger Oldsmobile Cadillac, Inc.* (1970), 22 Ohio St. 2d 65 [51 O.O.2d 96]. That term includes loss of "society, services, sexual relations and conjugal affection which includes companionship, comfort, love and solace." *Clouston, supra,* paragraph three of the syllabus; see, also, 1 Ohio Jury Instructions 225, Section 23.02. Loss of sexual relations is obviously inapplicable to a parent's derivative claim for a minor's injury. With that exception, we conclude that the same damage elements are compensable in a parent's derivative action for a child injured by a negligent tortfeasor.

Defendants argue that a parent's derivative action differs markedly from a spouse's derivative claim because the latter results from the marriage contract. Some early Ohio cases appeared to draw that distinction. However, the spouse's contractual obligation in the marital contract is limited to "respect, fidelity, and support." R.C. 3103.01. The spouse's derivative action encompasses significantly greater losses.

Further, the code expressly recognizes the parent's subjective emotional relationship to the child. See, *e.g.,* R.C. 3109.04(B) and (C) (custody decisions); R.C. 3109.05 (child support decisions); R.C. 3107.06(A) and (B) (consent to adop-

tion). The recent decision which allows a parent to recover for emotional distress in watching a child's tortious injury echoes that recognition. *Paugh* v. *Hanks* (1983), 6 Ohio St. 3d 72.

While this action concerns a child's injury rather than a death claim, the 1982 amendments to the Ohio Wrongful Death Act are relevant. The legislatively announced public policy now permits recovery by the parent for loss of the deceased child's society. R.C. 2125.02 provides, in pertinent part:

"(B) Compensatory damages may be awarded in an action for wrongful death and may include damages for the following:

"(1) Loss of support from the reasonably expected earning capacity of the decedent;

"(2) Loss of services of the decedent;

"(3) Loss of the society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, suffered by the surviving spouse, minor children, parents, or next of kin;

"(4) Loss of prospective inheritance, to the decedent's heirs at law at the time of his death;

"(5) The mental anguish incurred by the surviving spouse, minor children, parents, or next of kin."

The legislature has not defined the scope of a parent's claim for "loss of services" when a child is tortiously injured.

The public policy governing a parent's claim for a child's death is analogous to the policy controlling the parent's derivative claim for a child's injury. Indeed, the Supreme Court made that analogy when it denied recovery for loss of a child's society in wrongful death actions before the 1982 amendment. *Keaton* v. *Ribbeck, supra,* at 445-446. Defendants rely on that language to show that there is no right to recover for loss of an injured child's "society, companionship and com-

fort." Now that the wrongful death act has been changed to allow recovery for such losses, the analogy compels the opposite conclusion.

The mother's first assigned error is well-taken.

## III

The mother's second claimed error argues that denial of recovery contravenes her constitutionally protected right to equal protection. See Fourteenth Amendment to the United States Constitution; Section 2, Article I, Ohio Constitution. She asserts the lack of any rational basis for denying a derivative claim for these damages from a child's injury, while allowing them for allegedly analogous situations: a child's death, a parent's injury, a spouse's injury.

This court will not reach constitutional issues, when the case has been resolved on other grounds. *Greenhills Home Owners Corp.* v. *Village of Greenhills* (1966), 5 Ohio St. 2d 207 [34 O.O.2d 420], paragraph one of the syllabus. Since we conclude that Ohio law allows the recovery claimed here, we have no occasion to consider the constitutional challenge.

Husband's appeal is dismissed. The ruling on wife's case is reversed, and the case is remanded for further proceedings.

*Judgment accordingly.*

DAY, P.J., and NAHRA, J., concur.