Plaintiffs-appellants Ronald Turner, et al. (appellant) appeals from the decision of the trial court which granted partial judgment in favor of defendant-appellee Thomas Sprague (appellee) thereby precluding appellant from presenting medical evidence of his alleged sexual dysfunction which he claims resulted from appellee's negligence. We find that the order from which this appeal is advanced does not constitute a final, appealable order and we are without jurisdiction to consider the appeal.
The record demonstrates that on November 17, 1994 Ronald Turner was involved in a motor vehicle accident with Thomas Sprague. The within action resulted. In a three-count complaint against Sprague: 1) Ronald Turner claimed Sprague's negligence caused him serious bodily injury, including but not limited to his shoulder, neck, back and groin, pain, suffering, physical disability and an impairment of his ability to earn income; 2) Rosita Turner, his wife, advanced a claim for the loss of her husband's companionship; and 3) and, Garnette Holdsclaw, owner of the vehicle driven by Turner that day, advanced a claim for damage to her vehicle. Sprague answered the complaint and brought a counterclaim against Ronald Turner alleging Turner's actions were the cause of his personal injury and property damages.
Discovery ensued. On August 10, 1998, Sprague moved the court for an order to exclude medical testimony or any evidence of plaintiff's injury pursuant to Loc.R. 21.1. The basis of Sprague's motion was the report of Turner's physician relating to Turner's assertion of erectile dysfunction, which failed to express the probability regarding whether the automobile accident was the cause of the alleged injury. In response, Turner opposed the motion, claiming that the physician's report does conclude that his injury did not occur as a result of the motor vehicle accident and further, he will testify that he did not suffer from dysfunction prior to the accident. On September 30 the trial court denied Sprague's motion to exclude medical testimony and evidence of Turner's injury, but alternatively granted Sprague an extension of time to submit his expert report.
The case was set for trial to be held June 30, 1999. On April 5, 1999 Sprague sought and received leave of the court to file a motion for summary judgment in which he asserted that the discovery depositions revealed that Turner was not injured in the motor vehicle accident on November 17, 1994. Turner opposed the motion claiming the summary judgment motion was substantively a motion in limine by which Sprague attempts to exclude the testimony of his expert witnesses regarding his sexual dysfunction, which he claimed was caused by the motor vehicle accident. On June 10, 1999, the trial court by entry granted in part Sprague's motion for summary judgment which dismissed Turner's claim of sexual dysfunction and ordered that Turner be prohibited from introducing any evidence of this damage to the jury. The court further held [s]ummary judgment is hereby denied as to Plaintiff's remaining claims. Partial. On June 21, 1999, the trial court entered an agreed judgment entry nunc pro tunc to add the following language: The Court determines that there is no just reason for delay pursuant to Civ.R. 54(B)." This appeal follows in which appellant advances a single assignment of error which states as follows:
 THE TRIAL COURT ERRED BY GRANTING THE MOTION FOR SUMMARY JUDGMENT AS TO THE APPELLANT'S SEXUAL DYSFUNCTION CLAIM.
Our review of the record reveals that appellee moved for summary judgment pursuant to Civ.R. 56(B)[1] in that the medical testimony as proffered by appellant in support of his sexual dysfunction claim was insufficient to rise to the "requisite dignity"[2] of a probability and, thus, summary judgment should be properly granted. Appellant, on the other hand, asserted that appellee's motion for judgment actually constituted a motion in limine to exclude the medical testimony of his experts regarding causation of his erectile dysfunction.
The appeal courts of Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; also, see, R.C. 2501.02.
A final order is defined in R.C. 2505.02, inter alia, as follows:
 An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial.
Further affecting the finality of a judgment order is Civ.R. 54(B) which provides, inter alia, as follows:
 Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determinationthat there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the claims or the rights and liabilities or fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Therefore, to be final and appealable an order must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B) if applicable. See Denham v. New Carlisle (1999), 86 Ohio St.3d 594, 596; citing Chef Italiano Corp. v. Kent State University (1989), 44 Ohio St.3d 86,88.
When the parties to an appeal neglect to raise and brief a jurisdictional issue themselves, the appellate courts are required to raise it sua sponte and dismiss an appeal which is not from a final appealable order. In re Murray (1990), 52 Ohio St.3d 155-160 at fn. 2,; Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184,186.
Such an issue has presented itself in the cause sub judice. Our review of the record in this appeal reveals that appellant asserted one claim against appellee, in count one of the complaint, that for negligence. Appellant asserted that as a result of appellee's negligence he suffered various compensable damages, including physical damage, pain and suffering and diminished ability to earn wages. A careful reading of the order from which this appeal is taken reveals that appellant is barred from presenting medical evidence as to his allegation of sexual dysfunction as a result of appellee's negligence. However, this order did not conclude appellant's claim for losses caused by appellee's allegedly negligent actions. As such, the order of the court constitutes only an interlocutory evidentiary ruling as to one aspect of appellant's asserted damage.
An order which does not determine all of the damage allegations for a single cause of action does not conclude that claim. Norvell v. Cuyahoga County Hospital (1983), 11 Ohio App.3d 70.
The use of such Civ.R. 54(B) language does not make an order final and appealable inasmuch as such language "does not turn an otherwise non-final order into a final appealable order. Celebrezze v. Netzley (1990), 51 Ohio St.3d 89. Accord: McCabe/Marra Co. v. Dover (1995), 100 Ohio App.3d 139, 160; Cassim v. Cassim (1994), 98 Ohio App.3d 576, 579; Palmer v. Westmeyer (1988), 48 Ohio App.3d 296, 302; Norvell, supra, 71; Douthitt v. Garrison (1981), 3 Ohio App.3d 254, 255.
Thus, the order appealed from in this case fails to conclude appellant Turner's entire claim against appellee, and the order appealed from is therefore non-final and non-appealable despite the court's certification in Civ.R. 54(B) language. Accordingly, this court lacks jurisdiction to consider an appeal of a non-final order.
This appeal is dismissed.
It is, therefore, ordered that appellant recover from appellee costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and JAMES D. SWEENEY, J., CONCUR.
 ______________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
[1] The motion filed by appellee was captioned DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR ATTORNEY'S FEES. The court did not address appellee's request for attorney's fees in its June 10, 1999 order.
[2] See Brandt v. Mansfield Rapid Transit (1950), 153 Ohio St. 429, as cited by appellee in his brief.